## CONTINENTAL CASUALTY CO. v. SMITH.
### No. 14142.

Court of Civil Appeals of Texas. Dallas.

Jan. 13, 1950.

Rehearing Denied Feb. 17, 1950.

Robertson, Jackson, Payne, Lancaster & Walker, and Claude Williams, Dallas, for appellant.

Sisco & Sisco, McKinney, and White & Yarborough, Dallas, for appellee.

CRAMER, Justice.

Appellee brought this suit against appellant to recover workmen's compensation insurance for personal injuries which he received on May 3, 1948 while employed by the Texas Textile Mills at McKinney, in Collin County. He alleged that at that time timbers and sheet iron of his employer's building where he was working fell upon and against him with great and terrific force and violence, resulting in personal injuries. Appellant insurer answered by specifically pleading that the injuries sustained by Smith were caused by a tornado which struck the City of McKinney, Texas, on May 3, 1948, and, therefore, the injuries were the result of an act of God; that appellee was not subjected to a greater hazard of the tornado than were other members of the public generally, and, therefore, appellant was not responsible under our statute which excludes injuries caused by an act of God. Prior to the trial the parties stipulated that the only issues in controversy were whether or not appellee sustained his injuries in the course of his employment with his employer, and the extent of injuries. Appellant's motion for an instructed verdict was overruled and the jury, in answer to special issues, found that appellee sustained personal injuries on May 3, 1948, resulting from an accident while he was working as an employee of the Texas Textile Mills in the course of his employment; found the extent of his incapacity, and that he was subject to a great-

er hazard from the tornado which struck McKinney on May 3, than ordinarily applied to the general public at that time. The trial court overruled appellant's motion to enter judgment non obstante and to disregard the findings; sustained a motion and entered judgment for appellee, and from such judgment this appeal has been properly perfected.

Appellant's first three points assert error of the trial court in (a) overruling its motion for instructed verdict; (b) overruling its motion for judgment non obstante verdicto; (c) overruling its motion to set aside and disregard the jury findings of injury in the course of employment and that Smith was subjected to a greater hazard from the tornado than ordinarily applied to the general public at that time.

The evidence most favorable to appellee, material to these points, was in substance that the Texas Textile Mills had a large plant and employed approximately 500 people; it covered quite a bit of ground and consisted of a number of buildings; only one building was completely demolished,— the one appellee was in at the time of the storm; only two employees received serious injuries,—appellee and a man named Miller who was in the same building with Smith at the time of the storm. Smith's usual place of work was in a brick building or warehouse, but shortly before the storm struck he was sent to the building he was in when the tornado struck. Such building was made of sheet iron and 2 x 6 studdings, and was demolished by the tornado. Two men working at the other end of the building Smith was in when the storm struck were not injured. Under these facts, it is appellee's contention "that when plaintiff's duties required him to engage at duties in which he was injured, he was thereby subjected to a greater hazard from the act of God (the windstorm) than was the general public. If he was subjected to a greater hazard, then he is entitled to recover." He cites Security Union Casualty Co. v. Brown, Tex.Civ.App., 297 S.W. 1081, writ ref.; Security Union Cas. Co. v. Kelly, Tex.Civ.App., 299 S.W. 286, affirmed Tex.Com.App., 6 S.W.2d 741; American

General Ins. Co. v. Webster, Tex.Civ.App., 118 S.W.2d 1082, writ dis.; Texas Compensation Ins. Co. v. Ellison, Tex.Civ.App., 71 S.W.2d 309; Texas Employers Ins. Ass'n v. Moyers, Tex.Civ.App., 69 S.W.2d 777; U. S. Fidelity Guaranty Co. v. Rochester, Tex. Civ.App., 281 S.W. 306, affirmed, 115 Tex. 404, 283 S.W. 135; Southern Surety Co. v. Stubbs, Tex.Civ.App., 199 S.W. 343, writ ref.; Trinity Universal Ins. Co. v. Walker, Tex.Civ.App., 203 S.W.2d 308, writ ref. n. r. e.

In the Brown case an oil derrick was blown down during a severe windstorm; some 80 other derricks, in a strip a quarter of a mile wide, were so blown down and the court held "* * * the derricks were much more easily blown down than were the houses and shacks exposed to the same wind." [297 S.W. 1081] The Kelly case was a companion case to the Brown case. The Webster case was a heat stroke case, the stroke was suffered while the employee was pushing a wheelbarrow and doing heavy labor in the sun. In the Ellison case the employee was killed by an electric shock transmitted over a telephone line to her switchboard where she was working as a telephone operator in a telephone exchange. In the Moyers case the employee was overcome by the heat while painting between two brick buildings, which condition subjected him to a greater hazard from the heat. In the Rochester case the employee was struck by lightning while excavating a pipeline, and at the time had a shovel in his hand which attracted lightning. In the Stubbs case the employee was working on a dredge boat which did not seek the protection other boats did in the storm. In the Walker case the employee was the foreman on a construction crew; had shown a young employee how to lay brick and "in doing so he was required to sit on the ground, or stand in the hole and stoop over with his face close to the ground." [203 S.W. 310] After 30 minutes he was sweating profusely and stated that he was hot and felt like he was burning up; then went to the other side of the building and helped the Negro laborers on the chain hoist so as to swing a heavy section of

concrete pipe; again complained of the heat, and shortly thereafter was taken to the hospital.

These cases, together with many others, are discussed in 16 Texas Law Review 130, under title "Workman's Compensation—Act of God—Circumstances Causing such Hazards" to which reference is here made. In addition to the cases cited in the Law Review article, we have also reviewed the later cases.

■ Going back to the history of our own Workmen's Compensation Act, it was originally passed in 1913, 33rd Legislature, General Laws, Regular Session Chapter 179. It followed the then Massachusetts Act which, in turn, to a great extent followed the English Act. It contained no definition of "injury sustained in the course of employment" and no exclusion of accidents caused by an act of God. The present definition of "injury sustained in course of employment" was placed in the Act in 1917 by the 35th Legislature, General Laws, Regular Session, Chapter 103; now Art. 8309, sec. 1, subsec. 5(1), Vernon's Ann.Civ.St., and excluded from such definition in the present Act, "Acts of God," unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public. This case is therefore controlled by our statute and the peculiar wording thereof, which injects the extra hazard element necessary when an act of God is present. We have not endeavored to determine whether or not other States have added such a provision to their Workmen's Compensation Acts, since there are sufficient decisions under our own Texas statute to justify us in holding that the following requirements are necessary to a recovery under our statute: The injuries received must have resulted from an extra hazard created by the particular employment itself, and differing from the hazard from an act of God as experienced by the general public within the path or wake of the tornado; that is, applied to this particular case, was the fact that appellee was, at the time, working in a building constructed of sheet iron with 2x6 studding an extra hazard from the tornado not experienced by the general public within its path or wake?

There is no direct evidence that such construction was so unusual and/or more hazardous than other construction generally used by the public as a whole in that community.

In heat stroke cases where the facts are such that the sheet iron building increases the heat inside the building to such an extent as to constitute an extra hazard not suffered by the general public, a recovery is allowable. In each of the other classes of cases passed upon by Texas Courts, the particular place or instrument or object used, has intensified and made accidental injury more hazardous there from an act of God than was ordinary to the general public as a whole.

After a careful review of all the evidence on this trial we cannot say there is a clear preponderance to the effect that a building of sheet iron with 2x6 studding would be more hazardous than a frame structure, or other classes of structure generally used by the public as a whole in McKinney, if such other structure had been standing where this one was located at the time of the cyclone. Neither can we say such evidence shows that it was not more hazardous.

■ While the evidence shows serious destruction, in excess of 15% of the area of the City, the pictures introduced show sheet iron buildings, frame buildings and brick buildings all to be damaged in varying degrees; some buildings of the same class of construction are damaged more than others of the same class; and in some instances numbers of small frame buildings are left unharmed and other more substantial structures not fifty feet away are demolished. We cannot say from the evidence introduced here whether the kind of building in which appellee was working was more, or less, susceptible to destruction by the tornado here involved than other structures of different material would have been if they had been located, at the time the tornado struck, in the same

place as was the building in which appellee was working. We have therefore reached the conclusion that the finding of the jury to issue No. 11 that appellee, at the time, was performing duties for his employer that subjected him to a greater hazard from the tornado which struck McKinney on May 3, 1948, than ordinarily applied to the general public is not sustained by a clear preponderance of the evidence. Neither can we hold that there was no evidence to sustain a verdict.

Under such condition of the record it is not necessary for us to pass on other questions raised, since they may not occur on another trial, but require us to reverse the judgment below and remand the cause for a new trial. 3 Tex.Jur. p. 1020, sec. 1019.

Reversed and remanded.