**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Richard H. RANDALL,** Appellee.

No. 17437.

United States Court of Appeals
Fifth Circuit.

March 5, 1959.

———————◆———————

Jerry L. Buchmeyer, Pinkney Grissom and Timothy E. Kelley, Dallas, Tex., for appellant. Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel.

Frank R. Jewell and James J. Hultgren, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., awarding the plaintiff approximately $3,650 as compensation and medical expenses. The judgment was entered upon a verdict of a jury in favor of plaintiff.

The plaintiff-appellee was injured while employed by appellant's insured as a carpenter on a construction project at the St. Augustine Parochial School in Dallas, Texas. The school building was one-story high and of brick construction. Upon the site were three prefabricated buildings used as a tool shed, plumber's shed, and an office building. They were constructed of plywood nailed to a frame and had no foundation other than timbers resting on the ground. One of these temporary buildings had blown down three or four weeks before the plaintiff was injured but had been reconstructed.

On the morning of June 12, 1957, two of these temporary buildings were turned on their foundations by a violent windstorm, which the defendant claimed was of tornadic force. The roof of the office building was blown off and struck the plaintiff, causing his injuries. These temporary buildings were the only ones damaged; the school building and the priest's residence, a frame building of permanent construction, were not affected by the storm. The defense which appellant sought to maintain was that the plaintiff's injuries were caused by an "act of God."[1] The sole insistence is that the district court committed reversible error by erroneously defining "act of God."

Upon that subject, the district court charged the jury as follows:

"The defendant on its part denies the plaintiff sustained an injury within the scope of his employment but admits that he suffered some character of an injury as a result of a wind which the defendant charges was due to an act of God, that the wind was of tornadic force and that plaintiff's injuries are therefore not compensable. Then in the alternative the defendant says if it be mistaken, the defendant would show that the plaintiff has now made complete recovery from the injuries that he did receive and is entitled to only partial compensation.

"An act of God may be defined in a comprehensive definition as any accident, due directly and exclusively to natural causes without human intervention, which by no amount of foresight, pain or care, reasonably to have been expected, could have been prevented. The act must be one occasioned exclusively by the violence of nature and all human agency is to be excluded from creating or entering into the cause of the mischief resulting. The term implies the intervention of some cause not of human origin and not controlled by human power.

"If you find and believe from the evidence before you that the plaintiff's injury was due to an act of God as that term has now been defined then in such event you may return a verdict for the defendant, subject to this qualification:

"If you have found from the evidence that the injury sustained by the plaintiff was in fact caused by the act of God, it will not bar his recovery if at the time of the injury he was engaged in the performance of duties which subjected him to a greater hazard than ordinarily applied to the general public or to others in the same vicinity."

The defendant's objection[2] to the charge was thus expressed.

"The defendant objects to that portion of the Court's charge which defines what is meant by an act of

1. Under the Texas Workmen's Compensation Act, an injury is not compensable if it is "caused by the act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public."

22 Vernon's Tex.Rev.Civ.Stat.Ann. Art. 8309, § 1. "Act of God" is not defined in the Act.

2. Made out of the hearing of the jury. See Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

God, and particularly that portion which substantially states that the injury must be caused directly and exclusively, without any human intervention, but exclusively by violence of nature, ruling out all human agencies. This particular portion of the charge could lead the Jury to believe that, for example, if there were actually a tornado, and someone was in the building, that the building could be considered a human agency, and therefore could not be caused by the act of God. There are many cases on the books as to tornadoes and storms, and in all those cases the verdict was that it was an act of God. We feel it should state that it has to be caused directly and exclusively without any active human agencies and ruling out passive human agencies, which were what caused the accident in this case.

"The Court: Did you ever see a Jury you think would make that distinction?

"Mr. Kelley: I am arguing to the Court now, the Court's charge on the definition of an act of God practically rules out the defense of the defendant on that rule of law, because it is negative, if it was a human agency, namely, the roof of the building which actually caused the injury."

As stated in 1 C.J.S., Act of God, p. 1423:

" * * * In its broadest sense every occurrence is mediately or immediately an act of God. * * *

"In its legal sense, it has been said that the expression bears much a (sic) more restricted meaning, and is not susceptible of accurate and comprehensive definition; nor, it has been added, is a precise definition required in the administration of justice."

The term is not apt to confuse the average juror for he almost instinctively grasps the concept expressed by Lord Mansfield in Froward v. Pittard, 1 Term Rep. 27 (1785), that "what is meant by an act of God" is "something in opposition to the act of man"; that the violence must be of such a nature that "no amount of foresight, pain or care, reasonably to have been expected" could have prevented the injury. To be more specific, 38 Am.Jur., Negligence, § 65, p. 720, gives the following illustration:

" * * * So, where walls which have been negligently left standing after a fire are blown down by the wind, some cases hold that the wind is a remote cause only, unless the owner has done all in his power to render the walls safe."

See also, 2 Words and Phrases, Act of God, p. 271 et seq.

"Act of God" as used in the Texas Workmen's Compensation Act has been given the same restricted meaning. Texas Employers Ins. Ass'n v. Moyers, Tex.Civ.App.1934, 69 S.W.2d 777, 779; Texas Compensation Ins. Co. v. Ellison, Tex.Civ.App.1934, 71 S.W.2d 309, 313.

In Continental Casualty Co. v. Smith, Tex.Civ.App.1950, 227 S.W.2d 363, 365, relied on by appellant, a tornado was involved which had caused "serious destruction, in excess of 15% of the area of the City" of McKinney, Texas. The court distinguished Security Union Casualty Co. v. Brown, Tex.Civ.App.1927, 297 S.W. 1081, where the compensation award was affirmed, as follows:

"In the Brown case an oil derrick was blown down during a severe windstorm; some 80 other derricks, in a strip a quarter of a mile wide, were so blown down and the court held ' * * * the derricks were much more easily blown down than were the houses and shacks exposed to the same wind.' [297 S.W. 1081]." 227 S.W.2d at page 364.

We realize that the Brown case turned more on the greater hazard exception than on the definition of an act of God. Consideration of that exception by the jury, however, would, we think, tend to

**4**

clarify their conception of what is meant by an act of God.

It is possible, of course, as the appellant argues, that the jury could have found that because the roof which struck the plaintiff as a "human agency" his injuries were not caused by the act of God, even though it would have gone with the appellant in its contention that the plaintiff was not subjected to a greater hazard from the windstorm than was the general public. To us, however, that possibility seems so farfetched as not actually to affect the substantial rights of the parties. Rule 61, Federal Rules of Civil Procedure.

The judgment is

Affirmed.