**TRAVELERS INSURANCE COMPANY,**
**Appellant,**

v.

**Myrtle Pauline WILLIAMS et al., Appellees.**

**No. 7339.**

Court of Civil Appeals of Texas.

Amarillo.

March 23, 1964.

Rehearing Denied April 20, 1964.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Kolander; Moser & Templeton, Amarillo, for appellees.

DENTON, Chief Justice.

This is a workmen's compensation case. The Travelers Insurance Company has appealed from a judgment based on a jury verdict awarding Myrtle Pauline Williams and Ronald D. Williams, the widow and minor child of Obie Lee Williams, deceased, a recovery of lump sum death benefits because of the death of Obie Lee Williams. Article 8306, Section 8, Vernon's Ann.Civ. St.Tex.

Obie Lee Williams was a forklift operator employed at the Pantex Ordinance Plant in Carson County, Texas. Williams operated this forklift in loading and unloading merchandise and material from trucks at his employer's plant. While in the process of operating this equipment on October 20, 1961, Williams was stung by a wasp on his right ankle. It is undisputed this incident occurred at approximately 4:00 o'clock p. m. of the above date, and he died the following day at 11:35 o'clock a. m. An autopsy report gave the cause of death as an acute coronary occlusion in a case of severe coronary arteriosclerosis. It is appellees' contention the deceased suffered anaphylactic shock from the wasp sting which was the producing cause of the coronary occlusion, the admitted cause of the deceased's death.

Appellant's first four points, briefed together, assert that as a matter of law appellees failed to establish an accidental injury sustained in the course of his employment. This general contention is based on the alleged failure of appellees to sustain the burden to show deceased sustained an injury arising out of or originating in the course of his employment; that the alleged injury sustained was an act of God; the injury being an act of God, required an affirmative finding that the deceased was subject to a greater hazard from such act of God than that ordinarily applied to the general public. Appellant's last three points, also briefed together, challenge the sufficiency of the evidence to show a causal connection between the wasp sting sustained by the deceased on October 20, 1961, and his death the following day as the result of a coronary occlusion. Although appellant's seventh point of error contends there was "insufficient evidence" to support the jury finding and that such finding is "against the great weight and overwhelming preponderance of the evidence" the point is based on the action of the trial court in refusing to grant appellant's motion for judgment non obstante veredicto. Such an attack necessarily constitutes a "no evidence" point as opposed to an "insufficient evidence" point. Rule 301, Texas Rules of Civil Procedure. We must therefore disregard the seventh point as its legal effect is identical to appellant's sixth point, namely: there is no evidence to support the jury's finding that the deceased died as a natural result of an injury sustained by him on or about October 20, 1961. As all points are "no evidence" points it is our duty to view the evidence and the reasonable inferences therefrom most favorably in support of the jury's findings. To sustain a judgment non obstante veredicto the reviewing court must determine that there is no evidence of probative force upon which the jury could have made its findings. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682.

The trial court correctly charged the jury in its definition of "injury sustained in the course of employment". The court followed the applicable statute by defining the above phrase as "such injury having to do with and originating in the work, business or trade of the employer sustained by an employee while engaged in or about the furtherance of the affairs or business of the employer." Article 8309, Section 1, V.A. T.S. We agree with appellant that this statute not only requires proof that the injury occurred while the claimant was engaged in or about the furtherance of his employer's business, but he is also required to show the injury was of a kind and character that had to do with and originated in the employer's work, trade or business. Smith v. Texas Employers Ins. Ass'n, 129 Tex. 573, 105 S.

W.2d 192; Texas General Indemnity Co. v. Bottom, Tex., 365 S.W.2d 350.

We will first consider appellant's contention the wasp sting was an act of God, and as such, was precluded as a matter of law from being considered a compensable injury. If the wasp sting can be said to be an act of God, then in order to effect recovery it is incumbent upon deceased's beneficiaries to show deceased was "engaged in the performance of duties that subject him to a greater hazard from an act of God responsible for the injury than ordinarily applies to the general public." Article 8309, Section 1, V.A.T.S. We are of the opinion, and so hold, a wasp sting is not an act of God. Although an act of God is not defined in the workmen's compensation act, the phrase has been considered by our courts. Even though it is not susceptible of an accurate and comprehensive definition, the courts use such language as "[t]he act must be one occasioned exclusively by the violence of nature", and such injury "is due directly and exclusively to natural causes, without human intervention, where no amount of foresight or care which could have been reasonably required * * * could have prevented the injury." Travelers Ins. Co. v. Randall (5 Cir.), 264 F.2d 1; Texas Employers Ins. Ass'n. v. Moyers (Tex.Civ.App.), 69 S.W.2d 777, 779 (Writ Dismissed). The Beaumont Court of Civil Appeals had the identical question before it in Indemnity Ins. Co. of North America v. Garsee, 54 S.W.2d 817. Although the court did not discuss the question at length, it held that an insect bite was not an act of God, and that the trial court did not err in refusing to define the term to the jury. We reach the same conclusion. Being of the opinion the wasp bite was not an act of God, it was not error to refuse to submit an issue to the jury as to whether the deceased was exposed to a greater hazard in his employment than ordinarily applies to the general public.

The next question to be determined is whether or not Williams' injury was of such a kind and character that had to do with or originated in his employer's work or business. The deceased had been an employee at Pantex Ordinance Plant since 1952. As a forklift operator he worked in and about the various buildings loading and unloading material from trucks. Several employees testified to the presence of wasps on the premises. They had been seen around the buildings and in the trucks. Several other employees had been stung by wasps in the same vicinity. It is uncontradicted the deceased was stung by a wasp while he was in the actual performance of his duties. Thus, it is evident the injury was sustained while he was engaged in his employer's business.

The Supreme Court in a landmark case has laid down the rule "[a]n injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402. The court there quoted with approval a statement of the Supreme Court of Iowa, to-wit: "What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's tasks." See also Aetna Ins. Co. v. Hart (Tex.Civ.App.), 315 S.W.2d 169 (Refused, NRE).

There was evidence that wasps were commonly seen about the premises of the deceased's employer. Other employees had been stung by them while on the same job. Although it may be argued that anyone who happened to be in that particular area might be stung, the fact is the deceased was stung while in the performance of his duties of employment. He was subjected to this risk by carrying out his designated duties. We think it is clear the wasp sting was a risk or hazard of his employment and is compensable. Indemnity Ins. Co. of North America v. Garsee, (Supra); Vivier v. Lumbermen's Indemnity Exch. (Tex. Com.App.), 250 S.W. 417.

Appellant next contends there is no evidence to show a causal connection between the wasp sting and the coronary occlusion, the admitted cause of deceased's death. In determining this question of "no evidence" we must consider only the evidence favorable to the issue and disregard all evidence which is adverse, contrary, or conflicting to the favorable evidence. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The deceased received the wasp sting on his right ankle at approximately 4:00 o'clock p. m. on Friday, October 20, 1961. He died the following day at approximately 11:35 o'clock a. m. as a result of an acute coronary occlusion. Appellees pleaded the deceased suffered an anaphylactic shock from the wasp sting, which was the producing cause of the coronary occlusion. In reviewing the evidence favorable to the jury's finding there was direct testimony of the wasp sting by a fellow employee. The deceased told several fellow employees of the sting and told one "about the little booger really sitting down". According to the testimony of the wife of Williams the deceased came home that day exhausted and told her "never had anything to hurt any worse in his life". She further testified he became dizzy and had difficulty breathing, he rubbed his ankle and that the expression in his face revealed he was suffering pain. When he arose the next morning the widow testified he appeared tired and sluggish and told her "Seem like I can't get enough air." She applied vinegar to the area of the sting and a heating pad was placed on his ankle. After breakfast the deceased went out into their garage to work on a toy tractor. At approximately 9:00 o'clock he returned to the house and "fell across the bed" complaining of pain in his chest and left arm. He was then taken to an Amarillo hospital where he died shortly thereafter.

The medical testimony, as is often the case, was conflicting, but in considering the "no evidence" question we are to consider only the evidence favorable to the issue. A hypothetical question, which in our opinion, included the material facts and circumstances in evidence with reference to Williams' injury and its effects preceeding his death, was put to a doctor who testified that in his opinion the wasp sting was a producing cause of the coronary occlusion. The doctor further testified that the symptoms given were consistent with a continuing anaphylactic shock reaction up to the time of the coronary occlusion. The doctor who attended the deceased in the hospital just prior to his death testified certain symptoms such as shortness of breath, dizziness, and congestion of the lungs may be symptoms of an anaphylactic shock reaction. This latter symptom was shown by the autopsy report. The autopsy report showed the deceased was suffering from a severe case of arteriosclerosis or hardening of the arteries. However, there is no evidence he was aware of this condition, and had received no treatment for it. The fact the deceased had been suffering from this disease for at least a year prior to his death does not alter the right of recovery. Compensable benefits will be awarded if the workman, as the result of an accidental injury sustains ruptures or heart attacks, notwithstanding the fact that predisposing factors contributed to the incapacity or death. Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581; Texas Employers Ins. Ass'n v. Smith (Tex. Civ.App.), 235 S.W.2d 234; Traders & General Ins. Co. v. Rooth (Tex.Civ.App.), 268 S.W.2d 539. In our opinion the evidence, viewed in a light most favorable to the verdict, was amply sufficient to support the causal connection between the wasp sting received by the deceased and the coronary occlusion which caused his death. Tex. Employers' Ins. Ass'n v. Talmadge (Tex. Civ.App.), 256 S.W.2d 945, (Refused, NRE): Hartford Accident & Indemnity Co. v. Gant (Tex.Civ.App.), 346 S.W.2d 359; Texas Employers' Ins. Ass'n v. Rogers (Tex.Civ.App.), 368 S.W.2d 21 (Refused, NRE).

We therefore hold there was evidence to support the submission of issues of injury and the causal connection between the injury and the death of Williams, and the trial court did not err in overruling appellant's motion for judgment non obstante veredicto.

The judgment of the trial court is affirmed.

Affirmed.