### STANDARD FIRE INSURANCE COMPANY, Appellant,

v.

### Marcos M. CUELLAR, Appellee.

### No. 14977.

Court of Civil Appeals of Texas, San Antonio.

June 16, 1971.

Rehearing Denied July 14, 1971.

Michael M. Fulton, Beckmann, Stanard, Keene, Krenek & Fulton, San Antonio, for appellant.

Michael Rizik, Richard Tinsman, Tinsman & Houser, Inc., San Antonio, for appellee.

KLINGEMAN, Justice.

The Standard Fire Insurance Company has appealed from a judgment based upon a jury finding awarding Marcos M. Cuellar a recovery for total permanent disability in a workmen's compensation case. Except for the refusal to award a lump sum recovery, all issues were answered favorably to plaintiff.

Cuellar was an employee of Stowers Furniture Company, and part of his duties was that of a truck driver and driver's helper. On April 4, 1969, Cuellar and another employee of Stowers had delivered a load of furniture to Victoria in the course of their employment; and after making such delivery, were returning to San Antonio on a highway in a Stowers company truck, which was used for delivery of the furniture, with Cuellar driving. It was a warm day, and there is testimony that the truck did not have air conditioning, and that the window of the truck was down. As they were returning to San Antonio, Cuellar was allegedly stung by an insect on his upper lip, with swelling commencing almost immediately. By the time the truck returned to the Stowers warehouse in San Antonio, Cuellar's whole face had swollen considerably, and he had difficulty in seeing. That night he went to a doctor, who gave him a shot. Since that time he has been unable to carry on his duties as a workman at Stowers, and there is evidence that every time he attempted to do any work involving physical activity, his face and other parts of his body became badly swollen and he suffered considerable pain. He has undergone extensive medical treatment for over a year without any noticeable improvement. Although he has attempted to work, there is evidence that when he tries to do so, his face, wrists, arms, feet and other parts of his body swell. There is evidence that this condition is permanent.

The jury in answer to Special Issue No. 1 found that Cuellar sustained an injury on April 4, 1969, as a result of an insect sting. Appellant, by his first two points of error, contends that there is no evidence or insufficient evidence to sustain such finding.

Cuellar testified that as he was driving the truck to San Antonio, he felt something sting him on the mouth; that he tried to grab it, but was not successful; that he never did see the insect; that it hurt him a lot; and that by the time he got back to the warehouse in San Antonio, his face was so swollen that he could hardly see. Cuellar's fellow worker, Mr. Gomez, testified that while Cuellar was driving he suddenly exclaimed that an insect had hit him on the lip, and that he felt some kind of sting on his upper lip; that he looked at Cuellar's upper lip at that time, and he noticed that it had swollen up and that it continued to swell up more and more all the time until they got back to San Antonio. He also testified that he never did see the insect. Dr. Strauch, a dermatologist, who treated Cuellar for over a year, testified that an insect sting was the cause of all of Cuellar's problems; and that in his opinion, based on reasonable medical certainty, all of Cuellar's symptoms are due to reactions and continued reactions to the single poisonous insect sting on April 4th; that every symptom which Cuellar stated he was suffering from, blurring of vision, pain in the hand, pain in the back and joints, swelling of the skin and lips, were compatible with a reaction that had continued as a result of the single episode of the insect sting.

The gist of appellant's contention in this regard seems to be that since no one saw the insect, there is no evidence or insufficient evidence that Cuellar sustained an insect sting.

We have reviewed the entire record, and we hold that there is ample evidence to sustain the jury's finding to Special Issue No. 1, and appellant's Points of Error Nos. 1 and 2 are overruled.

■ By five points of error appellant complains that the trial court erred in overruling its motion for judgment non obstante veredicto and motion for new trial, because the evidence was insufficient to support a finding of a causal relationship between appellee's employment and his alleged injury. The thrust of appellant's contentions is to the effect that the insect sting or bite did not have its origin in any causative danger prevailing in the conditions of appellee's employment, and that he was not exposed to any hazard to which he would not have been equally exposed apart from his employment; that the accident forming the basis of appellee's cause of action resulted from a danger to which mankind in general was equally exposed.

A similar contention was made and rejected in the only two Texas cases we have found involving an insect sting in a workmen's compensation case. Travelers Insurance Co. v. Williams, 378 S.W.2d 110 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.), and Indemnity Insurance Co. of North America v. Garsee, 54 S.W.2d 817 (Tex.Civ.App.—Beaumont 1932, no writ), both involved injuries to an employee arising out of insect stings in a workmen's compensation case. In both of these cases, such injuries were held to be compensable. The argument was made in these cases, as in the case before us, that the insect stings sustained by the employees were a risk to which the general public was subject and not a risk or hazard of the employment. Such argument was rejected by the Court in both of these cases. In these cases an insect sting was held to be not an act of God.

The Court in Travelers Insurance Co. v. Williams, supra, stated: "Although it may be argued that anyone who happened to be in that particular area might be stung, the fact is the deceased was stung while in the performance of his duties of employment. He was subjected to this risk by carrying out his designated duties. We think it is clear the wasp sting was a risk or hazard of his employment and is compensable." (378 S.W.2d 110 at 113)

Appellant asserts and we agree that it is not alone sufficient to show that the claimant was injured while engaged in or about the furtherance of his employer's business, but he must also show that his

injury was of such kind and character as had to do with and originated in the employer's work, trade, business or profession. Aetna Life Insurance Co. v. Burnett, 283 S.W. 783 (Tex.Com.App.1926). The Supreme Court in a landmark case has laid down the rule that "[a]n injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 73 (1922). The Court then quoted with approval a statement of the Supreme Court of Iowa: " 'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's tasks.'—Pace v. Appanoose County, 184 Iowa, 498, 168 N.W. 918." See also Aetna Insurance Co. v. Hart, 315 S.W.2d 169 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).[1]

The evidence establishes that the insect bite sustained by Cuellar resulted from the effort on his part to discharge in an orderly way the duties of his employment. He was stung while in the performance of his duties of employment, and he was subjected to this risk by carrying out his designated duties. We think it clear that the insect sting was a risk or hazard of his employment and is compensable. Appellant's Points of Error Nos. 3, 4, 5, 6, and 7 are overruled.

■ Appellant's last point of error is that the trial court erred in failing to submit appellant's requested Special Issue No. 1.[2] The trial court, intead of submitting such special issue requested by appellant, submitted the following issue: "Do you find, from a preponderance of the evidence, that such accidental injury, if any you have found, was sustained in the course of Marcos M. Cuellar's employment for Stowers Furniture Company?" The trial court correctly charged the jury in its definition of injury sustained in the course of employment with having to do with and originating in the work, business, trade or profession of the employer, and while the employee is engaged in or about the furtherance of the affairs or business of the employer, whether upon the employer's

1. There are similar cases not involving insect stings where the argument has been made that the injury was not compensable because the accident forming the basis of the employee's cause of action resulted from a danger to which the public in general was equally exposed, and as such, was not a risk or hazard incident to the employment. In Travelers Insurance Co. v. Hampton, 414 S.W.2d 712 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.), an employee was shot by an insane person as he was leaving his employer's store through the rear door. The Court held the death compensable under the workmen's compensation laws. In Vivier v. Lumbermen's Indemnity Exchange, 250 S.W. 417 (Tex.Com.App.1923), the Commission of Appeals held that where a night watchman, while on the employer's premises performing his duties, was assaulted and killed by unknown persons whose motive was robbery, his death was caused by an injury suffered in the course of his employment. In Southern Surety Co. v. Shook, 44 S.W.2d 425 (Tex.Civ.App.—Eastland 1931, writ ref'd), Shook was employed as a pumper on an oil lease, being on duty twenty-four hours a day, and required to reside on the lease. Shook, while in a hunting party, was killed by a person whose motive in killing him was either robbery or a depraved desire to "see the deceased kick." The workmen's compensation carrier contended that the injury did not have to do with or originate in the work of the employer, and was not sustained by the employee while engaged in or about the furtherance of the affairs or business of the employer. The Court held that Shook's injury resulted from a hazard reasonably inherent in or incident to the conduct of his work as a pumper, and his death was held to be compensable.

2. "Do you find from a preponderance of the evidence that such accidental injury, if any, inquired about in the preceding question, resulted from a risk or hazard which is necessarily, ordinarily, or reasonably inherent in, or incident to, the conduct of the work or business of Stowers Furniture Company?"

premises or elsewhere. Article 8309, Section 1, Vernon's Annotated Civil Statutes.

Appellee asserts that such special issue requested by appellant was properly refused because the matter which it inquired about was a question of law and not a question of fact. He also asserts that such special issue was properly refused because there were no pleadings to support it.

The special issue submitted by the trial court, taken together with the court's charge, correctly submitted the proper issue to be decided by the jury, and the trial court properly refused to submit appellant's requested Special Issue No. 1. A similar point was passed upon in the case of Travelers Insurance Co. v. Williams, supra, where the Court said: "Being of the opinion the wasp bite was not an act of God, it was not error to refuse to submit an issue to the jury as to whether the deceased was exposed to a greater hazard in his employment than ordinarily applies to the general public." (378 S.W.2d 110 at 113)

In support of his contention that appellant's requested Special Issue No. 1 was not supported by the pleadings, appellee relies on the provisions of Rule 94, Texas Rules of Civil Procedure, which provide: "Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; * * *."

Appellant did not plead any exceptions to the general liability that exists under a workmen's compensation policy, and we doubt if appellant's pleadings are sufficient to raise its requested Special Issue

No. 1. In any event, the trial court properly refused to submit such special issue, as hereinbefore discussed.

All of appellant's points of error are overruled. The judgment of the trial court is affirmed.