Emma ANDERSON, Appellant,

v.

HOOD COUNTY, a self-insured governmental entity, c/o Alexsis, Inc., servicing contractor, Appellee.

No. 2–97–004–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 20, 1997.

Rehearing Overruled Feb. 12, 1998.

Lance Christopher Kassab, Houston, Terry K. Fleming, Fort Worth, for Appellant.

Anthony J. Nelson, Harry Deckard, Austin, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

## I. INTRODUCTION

Appellant Emma Anderson appeals the trial court's decision granting summary judgment in favor of Hood County in her workers' compensation case. In two points of error, Anderson claims the trial court erred because material fact issues exist as to whether Anderson timely filed her "notice of injury" and her "notice of claim." We affirm.

## II. BACKGROUND FACTS

Anderson was employed as a cook at the Hood County Jail in 1991. On November 26, 1991, Anderson witnessed an inmate stab and kill another inmate in the kitchen. In May of 1993, Anderson began having stress reaction symptoms, including nightmares and daily crying episodes. Anderson first sought medical treatment for her problems in August 1993, when she went to see her family physician, Dr. Cary Clark. Anderson was not forthcoming with Dr. Clark about her symptoms but he recognized she had stress related problems tied to work and other factors. She stopped working at Dr. Clark's direction on January 31, 1994 and then Dr. Clark referred her to a specialist in mental traumas, Dr. Patrick O'Malley. On February 17, 1994, Dr. O'Malley saw Anderson and diagnosed her condition as Post–Traumatic Stress Disorder–Delayed Onset (PTSD).

Anderson filed a "notice of injury" the same day Dr. O'Malley diagnosed her with PTSD. She filed her "claim for compensation" a month later on March 16, 1994. Her claim was denied and a contested case hearing was held on June 28, 1994. The hearing officer found: (1) Anderson did not suffer a compensable mental trauma injury; (2) the date of injury was May 1993; (3) she failed to make a timely report of her injury; and (4) she timely filed her notice of claim.

Anderson appealed the hearing officer's decision to the Texas Workers' Compensation Commission Appeals Board ("The Board"). The three judge panel split two-to-one in: (1) affirming the finding of no compensable injury; (2) reforming the finding of the date of injury from May 1993 to November 26, 1991; (3) affirming the finding of an untimely filed notice of injury; and (4) reversing and rendering the finding of a timely filed notice of claim after finding Anderson failed to establish good cause for her failure to timely file her notice of claim.

Anderson filed suit in district court seeking review of the Board's decision. Hood County filed its motion for summary judgment asserting Anderson: (1) did not sustain a compensable injury; (2) failed to timely file her notice of injury; and (3) failed to timely file her notice of claim. The trial court heard arguments on the motion on September 6, 1996 and, on October 21, 1996, granted summary judgment in favor of Hood County on grounds that Anderson failed to timely file both her notice of claim and her notice of injury.

## III. DISCUSSION

In a summary judgment case, the issue on appeal is whether the movant meets[1] their

---

1. Hood County argues we should use its substantial evidence standard of review in the case at hand. Although a substantial evidence standard is appropriate in a workers' compensation case in district court, we review appeals of the district

burden for summary judgment by establishing that there exists no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against them. *See Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in their favor. *See id.* Evidence which favors the movant's position will not be considered unless it is uncontroverted. *See Great American,* 391 S.W.2d at 47.

■ Here, summary judgment was proper if Hood County proved as a matter of law that Anderson failed to fulfill either the notice of injury requirements of sections 409.001 and 409.002 of the Texas Workers' Compensation Act ("the act") or the claim of injury requirements of sections 409.003 and 409.004 of the act. *See* TEX. LAB.CODE ANN. §§ 409.001–409.004 (Vernon 1996). We first analyze whether Anderson timely filed her notice of injury.

Section 409.001(a) states:

(a) An employee or a person acting on the employee's behalf shall notify the employer of the employee of an injury not later than the 30th day after the date on which:

(1) the injury occurs; or

(2) if the injury is an occupational disease, the employee knew or should have known that the injury may be related to employment.

*See* TEX. LAB.CODE ANN. § 409.001(a) (Vernon 1996).

Section 409.002 dictates that:

court rulings under summary judgment stan-

Failure to notify an employer as required by Section 409.001(a) relieves the employer and the employer's insurance carrier of liability under this subtitle unless:

. . . .

(2) the commission determines that good cause exists for failure to provide notice in a timely manner;

*See* TEX. LAB.CODE ANN. § 409.002(2) (Vernon 1996).

■ The date of injury, November 26, 1991, is not contested on appeal. Thus, we must decide if Hood County proved as a matter of law that Anderson lacked good cause for failing to timely file her notice of injury. Good cause can be established for the failure to timely file a notice of injury where a person does not believe that his or her injury is severe or is mistaken as to its cause. *See Butler v. Federated Mut. Ins. Co.,* 871 S.W.2d 950, 953 (Tex.App.—Fort Worth 1994, writ denied); *Cigna Ins. Co. of Texas v. Evans,* 847 S.W.2d 417, 420 (Tex. App.—Texarkana 1993, writ denied). This court has found good cause where a person has prosecuted a claim with the diligence an ordinarily prudent person would have used under the same or similar circumstances. *See Butler,* 871 S.W.2d at 953.

■ An injured person's diligence in prosecuting a claim must continue to the date the claim is filed. *See Texas Cas. Ins. Co. v. Beasley,* 391 S.W.2d 33, 34 (Tex.1965), *cert. denied,* 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480 (1966). Moreover, the totality of the claimant's conduct must be considered in determining whether he or she acted with such ordinary prudence. *See Moronko v. Consolidated Mutual Ins. Co.,* 435 S.W.2d 846, 848 (Tex.1968).

Here, Anderson contends she lacked knowledge of the actual cause and severity of her injuries until she was diagnosed with PTSD by Dr. O'Malley on February 17, 1994. She cites *Butler* and *Cigna* to support her position that the nature of her illness led to her lack of knowledge and that this type of lack of knowledge constitutes good cause. In the alternative, Anderson contends that Jan-

dards.

uary 31, 1994 is the earliest date to which she could be held to have had knowledge of the cause and severity of her injury because that is when Dr. Clark decided that her illness warranted her taking off work. Essentially, Anderson contends that good cause existed until she was fully diagnosed with PTSD.

Hood County refutes Anderson's contention that good cause for lack of knowledge exists until a diagnosis of a particular ailment is made. Instead, Hood County cites the Board's decision that asserts that an injured person need not be diagnosed with a particular ailment in order to file a notice of injury. Thus, Hood County argues that simply linking one's symptoms to a particular causal event is sufficient to terminate good cause and require filing of a notice of injury within a reasonable time. Hood County argues that the summary judgment evidence reveals Anderson linked her symptoms to the incident well before she was diagnosed with PTSD and that any period of good cause she may have established ended well before she actually filed her notice of injury.

Hood County first points to Anderson's deposition where she details how her fears and anxiety about working at the jail began before the murder and how these same fears and anxieties escalated after the murder. Anderson also discusses how the fears worsened in May of 1993 and how she sought help from Dr. Clark in August 1993. Anderson further stated she believed she told Dr. Clark about the murder and her experiences at work and about the symptoms she was having and that Dr. Clark linked the two together. Hood County points out two exchanges in particular. The first exchange occurred between Hood County's attorney and Anderson:

QUESTION: Let me see if I can ask it this way: When you began experiencing nightmares about this killing did it occur to you that this was related to what you had witnessed or experienced at your job.

ANSWER: That's what I felt, yes.

The second exchange occurred between Anderson's attorney and Anderson herself:

QUESTION: During the time you were going to the little D.O., Dr.—

ANSWER: Clark.

QUESTION: —Clark, you still were not tying it in to the stabbing, your injury?

ANSWER: After he told me it was stress related, yes I tied it in.

Hood County also points to the depositions of Dr. Clark and Dr. O'Malley as proof that Anderson linked her symptoms to the murder well before her diagnosis. In his deposition, Dr. Clark acknowledges that: (1) Anderson told him of some of her symptoms and stated that they might be work related; (2) he diagnosed her as having work-related stress reaction symptoms; and (3) he urged her to seek counseling for her symptoms. Dr. O'Malley, in his deposition, states that during his first encounter with Anderson she:

described to me some very serious dysfunction in her life in terms of not being able to sleep, having troublesome dreams, feeling a great deal of lack of safety at her workplace. She described the beginning of this pattern as occurring two years prior when she was witness to a murder that occurred at her workplace.

After reviewing the record, we find that Hood County proved that Anderson lacked good cause for failing to timely file her notice of injury. We admit this is a unique case. Anderson claims she sustained a psychological injury attributable to a distinct event that did not reveal itself until years later when it was diagnosed. Yet, Anderson bases her good cause argument on case law interpreting good cause in occupational diseases cases where no measurable triggering event is present and the ailment is the product of a slow and gradual development of symptoms. See *Butler*, 871 S.W.2d at 953; *Evans*, 847 S.W.2d at 420. In *Butler*, the court distinguished between injuries attributable to a distinct event and occupational diseases stating that "[the plaintiff] did not have a triggering event that put her on notice to question the origin of subsequent ailments." *Butler*, 871 S.W.2d at 954.

Here, Anderson had a triggering event and acknowledged it's effect on her. Although there are similarities between PTSD and an occupational disease in the sense that both could lead to a lack of knowledge about what is happening to the individual, we find the *Butler* court's distinction highly persuasive in light of the uncontroverted evidence that Anderson linked her injuries to her work environment and the murder in particular before ever being diagnosed.

Therefore, we find that Hood County met its burden, for summary judgment purposes, by establishing that no genuine issue of material fact existed as to whether Anderson had good cause for failing to file her notice of injury. Any good cause that Anderson may have had ceased at the earliest in May 1993 and at the latest in August 1993 when she realized the source of her troubles. Because Anderson did not file her notice of injury within thirty days of August 1993, her suit is barred by section 409.001 and we need not reach appellant's second point of error addressing the issue of whether Anderson timely filed her notice of claim.

### IV. CONCLUSION

We affirm the trial court's decision to grant summary judgment in favor of Hood County on grounds that Anderson failed to timely file her notice of injury.