Lillie CARDENAS, Appellant,

v.

The CONTINENTAL INSURANCE COMPANY, Appellee.

No. 13–96–222–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 15, 1998.

Rehearing Overruled March 5, 1998.

Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, David C. Griffin, Houston, Marek & Griffin, Port Lavaca, for Appellant.

Harry W. Deckard, Asst. Atty. Gen.–Tort Lit. Div., Austin, E. Wayne Shuffield, Davis Adami & Cedillo, Inc., San Antonio, Wallace B. Jefferson, Sunny J. Jansma, Crofts, Callaway & Jefferson, San Antonio, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This is a Workers' Compensation case. Appellant Lillie Cardenas appealed to the

district court from the Texas Workers' Compensation Commission's determination that her injury was not work-related and that she did not have good cause for failing to provide timely notice of her injury claim. The district court rendered a take-nothing judgment against her after a jury trial. On appeal to this court, appellant contends that appellee Continental Insurance waived its right to complain that the injury was not work-related by failing to raise that issue in its notice of refused/disputed claim. Appellant also contends that the submission to the jury of the issue of whether appellant's injury was work-related improperly tainted the jury's consideration of the issue regarding whether appellant had good cause for failing to provide timely notice of her claim. We hold that Cardenas waived her right to assert her waiver argument against Continental, that the submission of the first issue did not taint the jury's determination of the second issue, and we affirm the judgment.

### Facts and procedural history

Cardenas alleged that she suffered a back injury on November 30, 1993 while vacuuming the altar of Holy Family Catholic Church in Victoria, Texas as part of her job as a custodian at the church. She eventually filed a claim for workers' compensation that was referred to appellee Continental Insurance, the carrier for the church. She did not complain of the injury at the time it occurred, and it is undisputed that she did not provide notice of her injury to her employer within thirty days as required by the Texas Workers' Compensation Act. See TEX. LAB. CODE ANN. § 409.001 (Vernon 1996). Appellant contended instead that good cause existed for her failure to provide timely notice. See TEX. LAB.CODE ANN. § 409.002 (Vernon 1996).

Continental filed a notice of refused/disputed claim wherein it stated that it was refusing or disputing the claim because (1) Cardenas did not report her injury within thirty days, (2) the employer was not notified that the injury was work-related until January, 1994, and (3) Continental was not given the right to seek a second opinion regarding surgery performed on Cardenas. The case

was eventually referred to a benefit review conference. See TEX. LAB.CODE ANN. §§ 410.021–34 (Vernon 1996). The benefit review officer's report from the benefit review conference listed the unresolved issues as (1) whether Cardenas's suffered a work-related injury and (2) whether she had provided timely notice of her injury. See TEX. LAB. CODE ANN. § 410.031. The report from the benefit review conference did not mention Cardenas's contention that Continental had waived its right to contest whether the injury was work-related by failing to raise the issue in its notice of refused/disputed claim.

Because the dispute was not resolved at the benefit review conference, a contested case hearing was held. See TEX. LAB.CODE ANN. §§ 410.151–69 (Vernon 1996). The hearing officer determined that Cardenas's injury was not work-related, and that she did not provide timely notice of her injury or show good cause for failing to do so. The hearing officer refused to consider Cardenas's argument concerning waiver resulting from the notice of refused claim because that issue was not raised in the benefit review conference. The agency appeals tribunal affirmed the decision of the hearing officer at the contested case hearing. On appeal to the district court, the jury was asked two questions, whether Cardenas sustained an injury on November 30, 1993 in the course and scope of her employment, and whether she had good cause for failing to provide timely notice to her employer of her claimed injury. The jury answered "no" to both questions.

### Whether Continental is barred from contesting the compensability of the injury

Cardenas's first contention is that Continental waived its right to contest whether Cardenas suffered an injury in the course and scope of her employment by failing to raise that argument in its notice of refused/disputed claim, and therefore the district court erred in submitting a question to the jury concerning whether Cardenas suffered a work-related injury.

The Texas Workers' Compensation Act provides the exclusive remedy for an employee covered by workers' compensation insur-

ance who suffers a work-related injury. TEX. LAB.CODE ANN. § 408.001 (Vernon 1996). If an insurance carrier wishes to contest the compensability of a claim, it must do so within sixty days of the date it receives notice of the claim, or it waives the right to contest compensability. TEX. LAB.CODE ANN. § 409.021(c) (Vernon 1996). The grounds specified in the notice of refusal constitute the only bases for contesting the claim. TEX. LAB.CODE ANN. § 409.022 (Vernon 1996). Appellant contends that, by failing to argue in the notice that Cardenas suffered no work-related injury, it was barred from asserting that argument at the contested case hearing and the district court.

■ However, an issue that was not raised at the benefit review conference may not be considered at the contested case hearing. TEX. LAB.CODE ANN. § 410.151(b) (Vernon 1996). It is undisputed that Cardenas did not raise the issue of Continental's waiver of the issue of whether Cardenas suffered a work-related injury at the benefit review conference. Therefore, although Cardenas would have been entitled to assert Continental's failure to assert the work-related issue in its notice of refusal as a bar to contesting that issue at a later time, by not raising the issue of Continental's waiver at the benefit review conference, Cardenas waived her right to rely on Continental's waiver. *Id.* We hold that the issue of whether Cardenas suffered a work-related injury was properly submitted to the jury by the district court and overrule appellant's first point of error.

### Whether the issue of good cause for failure to notify was tainted by the first issue

■ Even if we were to agree with appellant that the trial court erred in permitting Continental to contest whether Cardenas suffered a work-related injury on November 30, 1993, we would still affirm the judgment because the jury's finding on the other issue, concerning whether Cardenas had good cause for her failure to provide timely notice of her injury, was untainted by the first issue and was independently sufficient to support the judgment. When a claimant fails to provide

timely notice to the employer of a claim, the claimant must establish either actual notice on the part of the employer or that good cause existed for the failure to provide timely notice; or the employer is released from liability for the claim. TEX. LAB.CODE ANN. § 409.002 (Vernon 1996). In this case, appellant attempted to establish good cause for the failure to provide timely notice.

Appellant presented evidence that she was preoccupied at the time of her injury with concern for her unmarried teenage daughter, who had recently become pregnant. She also presented evidence that she was suffering from depression at the time of her injury. However, the jury found that she did not show good cause for her failure to provide timely notice. Appellant does not contest the sufficiency of the evidence supporting this finding by the jury.

Rather, appellant argues that the jury's consideration of the issue of whether appellant's injury was work-related improperly tainted the jury's consideration of the issue regarding whether appellant had good cause for failing to provide timely notice of her injury. Appellant's only argument on this point is that "one cannot report an injury that never occurred, so the jury had no choice but to answer that question 'no' once it had answered 'no' to the course and scope question."

Question two asked the jury "Did Lilllie Cardenas have good cause for failing to notify her employer, the Holy Family Catholic Church, within thirty days, that she was claiming to have sustained an injury to her back on November 30, 1993?" The question asked not whether she had good cause for failing to report her injury (which would require an implied finding that she had, in fact, been injured) but rather whether she had good cause for failing to report that she was *claiming* to have sustained an injury. Therefore, the jury could have found in question two that she had good cause for failing to notify her employer of her *claim,* while at the same time finding in question one that she did not actually suffer an injury in the course and scope of her employment. Appellant's second point of error is overruled.

Appellant's brief also contains a point of error arguing that the trial court erred in not granting appellant's plea in abatement. This point is not supported by any argument or references to authorities. Therefore appellant has waived this point of error. *Natland Corp. v. Baker's Port, Inc.* 865 S.W.2d 52, 66, (Tex.App.—Corpus Christi 1993, writ denied).[1]

The judgment of the trial court is AFFIRMED.

---

1. *Natland* was decided under former rule of appellate procedure 74(f). Because the notice of appeal in this case was filed prior to September 1, 1997, the former rules also apply in this case. *See* FINAL APPROVAL OF REVISIONS TO THE TEXAS RULES OF APPELLATE PROCEDURE *in* TEXAS RULES OF COURT, at 5 (West 1997, special supplement). For briefing rules applicable to cases where the notice of appeal is filed after September 1, 1997, see Texas Rules of Appellate Procedure 38.1—38.9.