**TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,**

v.

**Barbara SIMON, Appellee.**

No. 04–97–00713–CV.

Court of Appeals of Texas, San Antonio.

Aug. 26, 1998.

Paul W. Nye, Roberta S. Dohse, Audrey Mullert Vicknair, Chaves, Gonzales & Hoblit, L.L.P., Corpus Christi, Jeff R. Boggess, Austin, for Appellant.

David O. Gonzalez, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, Alice, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

HARDBERGER, Chief Justice.

#### INTRODUCTION

This court's opinion and judgment of June 3, 1998, are withdrawn, and the following opinion and judgment are substituted to clarify that, if appellee's claim is successful on remand, damages will be assessed, according to statute, by the Workers' Compensation Commission. We revise our original opinion also to emphasize that, because we find, as a matter of law, that appellant did not meet its summary judgment burden, appellee was not required to bring forward evidence raising a fact issue on causation.

The Texas Workers' Compensation Insurance Fund (TWCIF) complains of the denial of its Motion for Summary Judgment and of a summary judgment rendered in favor of appellee, Barbara Simon. We affirm the denial of TWCIF's motion, but reverse the summary judgment in favor of Mrs. Simon, and we remand the case for trial solely on the issue of whether William Simon's fatal injury from a bee sting arose from his employment.

#### FACTS AND PROCEDURAL HISTORY

William Simon was a mechanic for Damco Services, Inc., in Alice, Texas. On January 14, 1995, Simon was working in Damco's repair shop when he suffered a sting from a bee that had found its way into his Coke can. Simon, who had once been a bee keeper and had suffered many stings without incident, had an immediate and severe allergic reaction to this sting and was taken to the hospital, where he died shortly after arrival.

Barbara Simon claimed benefits under the Texas Workers' Compensation Act. After investigating the incident, TWCIF contested payment in the following language:

Investigation reveals no injury in course and scope of employment. Employee was stung by an insect. Employee was *exposed to no greater risk of being stung by an insect than any other member of the general public* (emphasis added).

After a Benefit Review Conference (BRC), and at the recommendation of the investigating officer, a Contested Case Hearing (CCH) was held. The issues presented at the CCH were (1) whether Mr. Simon had suffered a "compensable injury" that resulted in his death, and (2) who were the proper legal beneficiaries of Mr. Simon for workers' compensation purposes. After the hearing, the commission denied Mrs. Simon's claim because the injury did not "arise out of" Mr. Simon's employment.

Mrs. Simon appealed to an Appeals Panel of the Texas Workers' Compensation Commission, and the panel reversed. The panel noted that Texas courts have held that a bee sting is not an act of God, so Mrs. Simon was not required to prove that her husband had been at a greater risk of being so injured than any other member of the general public.[1] Mrs. Simon was only required to show that the injury occurred in the course and scope of and arose from his employment. *See* TEX. LAB.CODE ANN. § 406.031 (Vernon 1996).

The panel decision and a separate concurrence emphasized that the decision did not establish that stings were always coverable; a claimant would still have to demonstrate that the injury occurred during the course

---

1. The Act exempts acts of God from coverage unless "the employment exposes the employee to a greater risk of injury from an act of God than ordinarily applies to the general public." TEX. LAB.CODE ANN. § 406.032 (Vernon 1996). By using this language to contest liability, TWCIF was clearly invoking the act of God exception.

and scope of employment *and* that the injury would not have occurred but for the conditions and obligations of employment. One judge dissented.

TWCIF appealed to the district court of Jim Wells County. In a Motion for Summary Judgment, TWCIF argued that Mr. Simon's injury did not arise from Simon's employment. TWCIF now *conceded* that the injury had occurred in the course and scope of employment. However, it took issue with the second prong of the Appeals Panel holding, that but for the employment the injury would not have occurred. TWCIF attached to its motion an affidavit from an expert stating that the repair shop presented no greater risk of insect stings than any other environment. In a second affidavit, another expert averred that Simon was predisposed, because of his earlier contact with bees, to a severe allergic reaction.

In response, Mrs. Simon argued that TWCIF had waived its argument regarding whether the injury arose from Simon's employment. She noted that TWCIF had initially presented only three reasons for denying the claim: the injury had not occurred in the course and scope of employment; the claimant had been stung by an insect; and the claimant was exposed to no greater risk than any other member of the general public. The first ground was now conceded by TWCIF in its Motion for Summary Judgment; the second had no legal significance; and the third is the standard set out for acts of God, which, under Texas case law, is not applicable to bee stings. Therefore, according to Mrs. Simon, she was entitled to judgment as a matter of law. Mrs. Simon then moved for summary judgment on the issue of waiver. TWCIF responded to the waiver claim by arguing that Mrs. Simon was required to raise it at the BRC and, having failed to do so, she could not raise it at trial. TWCIF pointed out that the Appeals Panel itself had said as much in its decision.

After a hearing on both motions, Judge Canales denied TWCIF's and granted Mrs. Simon's. Later, at Mrs. Simon's request, Judge Canales modified his judgment to include a lump-sum award of fees for her attorney.

TWCIF appeals in four points of error, claiming that (1) the trial court erred in granting summary judgment on waiver, because waiver was not timely raised; (2) TWCIF had not, as a matter of law, waived its grounds for contesting liability; (3) the injury did not, as a matter of law, arise from employment; and (4) the award of attorneys' fees in a lump sum was error.

## STANDARD OF REVIEW

 Appeals from district court summary judgment orders in workers' compensation cases are reviewed under traditional summary judgment standards. *Anderson v. Hood County*, 958 S.W.2d 448, 449 n. 1 (Tex. App.—Fort Worth 1997, n.w.h.). The movant for summary judgment must show that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We take all evidence favorable to the non-movant as true. *Id.* If the movant establishes his or her right to judgment as a matter of law, the burden then shifts to the non-movant to raise fact issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The same standards govern the denial of a motion for summary judgment. *San Antonio Exp. News v. Dracos*, 922 S.W.2d 242, 247 (Tex.App.—San Antonio 1996, no writ).

## POINTS OF ERROR ONE AND TWO: WAIVER

A carrier is liable for compensation when an employee is injured or killed at work, if the injury arises out of and occurs in the course and scope of employment. TEX. LAB. CODE ANN. § 406.031 (Vernon 1996). After a compensation claim is made, the carrier has the right to contest the claim within 60 days, stating the grounds for its refusal to pay. *Id.* at § 409.021. The carrier is limited to its original grounds for denying a claim in all subsequent proceedings relevant to that claim, unless the defense is based on newly discovered evidence that could not have been discovered at an earlier date. *Id.* at § 409.022. Here, TWCIF contested liability on the basis of course and scope of employ-

ment and under language applied specifically to acts of God.

In her Motion for Summary Judgment, Mrs. Simon argued that these grounds did not give sufficient notice of the ground for denial TWCIF eventually settled on, which was that the injury did not arise from employment. We agree that the grounds TWCIF originally gave—course and scope and the act of God exception—*are* somewhat misleading. Because this case involved an insect sting, the phrase "course and scope" and the invoking of the act of God exception would have raised red flags. "Course and scope" would have alerted Mrs. Simon to the personal comfort doctrine, and the act of God exception would have pointed her to case law holding that an insect sting is not an act of God. However, these were the wrong red flags. Arguably, neither phrase would have alerted Mrs. Simon to causation, which is what this case has ultimately boiled down to.

However, several commission appeals panels have held that no "magic words" are needed to raise the issue of compensability. *See* Texas Workers' Compensation Commission Appeals Panel No. 1, Appeal No. 93326 (June 2, 1993); Texas Workers' Compensation Commission Appeals Panel No. 14, Appeal No. 92468 (October 9, 1992). The cases make it clear that *some ground* for contesting liability must be given, *Vanliner Ins. Co. v. Ward,* 923 S.W.2d 29, 32 (Tex.App.—Texarkana 1996, no writ), but they don't require precision.

We believe the notice here sufficiently alerted Mrs. Simon that TWCIF did not believe the insect sting was related to employment. We also agree with TWCIF that Mrs. Simon has waived any right to argue that the initial notice denying coverage was insufficient. Under the Act, an issue not raised in a BRC may not be considered at a CCH. TEX. LAB.CODE ANN. § 410.151 (Vernon 1996). Although the hearing officer at the BRC clearly indicated that whether the injury arose from employment was a contested issue for hearing, there is no record that Mrs. Simon objected that this ground for denial had not been raised earlier. *See Cardenas v. Continental Ins: Co.,* 960 S.W.2d 401, 403 (Tex.App.—Corpus Christi 1998,

pet. filed) (waiver claim must be raised at benefits review conference to be preserved); Texas Workers' Compensation Commission Appeals Panel No. 39, Appeal No. 950140 (March 8, 1995) (issue of sufficiency of the contest of compensability is so linked to compensability that to have the latter determined without raising the former will constitute waiver of the former).

Mrs. Simon argues that she could not have raised the issue at the BRC, because TWCIF did not raise the issue of whether the injury arose from employment until the appeal. However, the issue presented at the CCH was whether Mr. Simon had suffered a "compensable injury." This issue raised both prongs of the test: whether the injury occurred in the course and scope of Mr. Simon's employment and whether the injury arose from his employment. No objection to the sufficiency of TWCIF's contest appears in the record at that point. *See Cardenas,* 960 S.W.2d at 403. There is no record that Mrs. Simon objected to a "new" ground for contesting liability. *See id.*

Mrs. Simon next argues that, because the Appeals Panel addressed whether she had waived her claim on the sufficiency of TWCIF's contest of compensability, she was entitled to raise the issue on appeal from summary judgment. *See Estate of Padilla v. Charter Oaks Fire Ins. Co.,* 843 S.W.2d 196, 200 (Tex.App.—Dallas 1992, writ denied) (trial court, in trial de novo, may review subject matter that was or could have been before commission). In response, TWCIF claims that the Appeals Panel did not actually determine whether *TWCIF* had waived its claim that the injury did not arise from employment. Instead, it decided that *Ms. Simon* had waived her complaint.

The Panel disposed of the waiver issue as follows:

> The claimant asserts that the hearing officer had no authority to decide that the decedent's injury did not arise out of his employment because she asserts that the carrier contested benefits only under the act of God exception in Section 406.032, and that the act of God exception does not apply to a bee sting under case law. Since

there was no issue presented at the CCH with respect to the specific grounds for the carrier's denial of benefits, *we will not address that matter for the first time on appeal* (emphasis added).

This statement suggests that the panel determined that Mrs. Simon did waive her claim. From there, the Panel continued:

We do note, however, that the carrier's Payment of Compensation or Notice of Refused/Disputed Claim (TWCC–21), which was not introduced into evidence at the CCH, but a copy of which is attached to the claimant's appeal, states as a reason for refusal of payment of benefits that there was no injury in the course and scope of employment. Considering that one issue at the CCH was whether the deceased suffered a compensable injury which resulted in his death, and that there was no issue with regard to the specific grounds for disputing compensability, *we find no merit in the claimant's contention that the hearing officer had no authority to determine that the claimant's injury did not arise out of his employment* (emphasis added).

While there is clearly unnecessary dicta in this portion of the Appeals Panel decision, we believe it is just that—dicta. The *holding* is that the panel will not consider the waiver issue, because Mrs. Simon was required to raise that issue at the BRC.[2] We do not believe it can be fairly said that the panel reached the merits of Mrs. Simon's waiver claim.

■ Next, Mrs. Simon argues that the issue of waiver was tried by consent. She points out that TWCIF admitted before the trial judge that her summary judgment motion was based on waiver. TWCIF responds that the summary judgment proceeding could hardly be characterized as trial by consent. We agree with TWCIF. We do not believe that simply because TWCIF agreed that Mrs. Simon's summary judgment motion was based on waiver, TWCIF allowed that issue to be tried by consent.

We find that TWCIF's initial notice that it was denying coverage was sufficient to put Mrs. Simon on notice that either or both prongs of liability were being contested. We further find that any complaint in this regard was waived when Mrs. Simon did not raise it at the BRC. The trial court erred in granting Mrs. Simon's Motion for Summary Judgment.

### POINT OF ERROR THREE: DID THE INJURY ARISE FROM EMPLOYMENT?

■ The parties apparently now agree that the injury occurred in the course of scope of employment. Because employees may engage in acts that "minister to personal comfort" without leaving the course of their employment, Simon was covered for work-related injuries while he stopped to take a drink from his Coke.[3] *See Employers' Cas. Co. v. Bratcher,* 823 S.W.2d 719, 721 (Tex. App.—El Paso 1992, writ denied). In addition, both parties agree that insect stings have been held not to be acts of God and have been held to be compensable, at least where causation is established. *See Standard Fire Ins. Co. v. Cuellar,* 468 S.W.2d 880 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Travelers Ins. Co. v. Williams,* 378 S.W.2d 110 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). What the parties now disagree about is whether the injury arose from Simon's employment.

■ The question under this prong of liability is whether the injury would have occurred if the "conditions and obligations of employment had not placed the claimant in

2. Because the issue was waived, it *could not* have been before the appeals panel. Thus, even under *Padilla,* waiver was not properly before the trial court.

3. TWCIF argued before the appeals panel that revisions to the Worker's Compensation Act may have eliminated or reduced this "personal comfort doctrine." While the former version required only that an employee's *injury* arise from employment to be compensable, the new version requires that the injury arise out of employment and that the *activity* engaged in, by the employee arise out of employment as well. *See* TEX. LAB. CODE ANN. § 401.011(12) (Vernon 1996). TWCIF argued that this change might overrule cases holding that injuries sustained while the employee is refreshing himself are *compensable.* However, the Appeals Panel rejected this argument, and TWCIF does not urge it before this court.

harm's way." *Bratcher*, 823 S.W.2d at 721; *see also Walters v. American States Ins. Co.*, 654 S.W.2d 423, 425 (Tex.1983). We believe fact issues remain on causation, and therefore Judge Canales was correct to deny TWCIF's summary judgment motion.

Both in its Motion for Summary Judgment and in its arguments to this court, TWCIF argues that causation has been refuted as a matter of law. Its summary judgment motion includes the affidavit of a professor of entomology at Texas A & M University, who testified that in August 1996, a year and a half after the event, there was not a bee problem at the Damco repair shop. Another expert affidavit stated that Simon was predisposed to a severe allergic reaction. We do not believe these affidavits meet TWCIF's summary judgment burden.

The first affidavit cannot negate causation because it does not speak to the conditions of the premises at the time of Simon's injury and death. *See Citizens Ass'n for Sound Energy v. Boltz*, 886 S.W.2d 283, 291 (Tex.App.—Amarillo 1994, writ denied), *cert. denied*, 516 U.S. 1029, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995). In *Boltz*, the court of appeals held that an affidavit averring that the appellees did not currently belong to the organization at issue was not sufficient to raise a fact issue as to whether they belonged to the organization in 1989. *Id.* The court stated, on motion for rehearing, that the current membership status of the appellees was "irrelevant" to the issue of their past membership. *Id.* at 293 (on motion for rehearing). As in *Boltz*, the non-contemporaneous testimony in this expert's affidavit cannot negate causation.

Nor can the second affidavit offered by TWCIF negate causation. A preexisting condition will not preclude compensation under the Workers Compensation Act. *See Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 652 n. 1 (Tex.1976); *INA of Texas v. Howeth*, 755 S.W.2d 534, 536 (Tex. App.—Houston [1st Dist.] 1988, no writ). Whether Simon, because of prior exposure to bee venom, had a peculiar predisposition to severe allergic reactions does not resolve the issue of whether his work conditions placed him in harm's way. An accident arising from employment causes an injury if it is "a" cause, even if there are other causes. *Baird v. Texas Employers' Ins. Ass'n*, 495 S.W.2d 207, 211 (Tex.1973); *Howeth*, 755 S.W.2d at 537. The accident must still be a producing cause of the injury, *Baird*, 495 S.W.2d at 207, but the mere statement that the claimant suffered from a preexisting condition does not conclusively refute causation.

TWCIF relies on *Bratcher* to argue that a pre-existing condition does preclude recovery. In *Bratcher*, an employee died of an aneurysm while straining to have a bowel movement. *Bratcher*, 823 S.W.2d at 720. The court held that such a strain could have occurred at any time and therefore there was no causal relation between the injury and employment. *Id.* at 722.

*Bratcher* would indeed apply to this case if there were no evidence that the bee sting occurred incident to Simon's employment. Conversely, if the claimant in *Bratcher* had been lifting a beam or had in some other way been put in harm's way by a condition of his employment, his injury might have been compensable, even though he was obviously predisposed to suffering an aneurysm. TWCIF's summary judgment motion did not establish, as a matter of law, that the injury was not incident to employment; it merely argued that Simon was predisposed to an allergic reaction to bee stings and that, some time after the incident, an expert saw no sign of bees. Because the motion was insufficient to establish that TWCIF was entitled, as a matter of law, to a judgment in its favor, Mrs. Simon was not required to bring forward any evidence. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989).

But we find, additionally, that Mrs. Simon did have evidence that her husband's injury was incident to his employment. The Appeals Panel decision demonstrates that evidence of a relationship between the injury and employment did exist and was offered. According to that opinion, there was testimony that workers threw their garbage, including soda cans, into a trash can near the

repair shop.[4] In addition, a Damco employee testified before the Panel that bees would sometimes gather near the area. *See Williams,* 378 S.W.2d at 113 (wasps commonly flew around place of employment and deceased was stung while at work, so causal relationship existed between the two).

### LUMP SUM ATTORNEY'S FEES

 In its final point of error, TWCIF claims that the trial court erred in awarding lump-sum attorney's fees to Mrs. Simon's attorney. Under current law, it is not error to make a lump-sum award.

The Labor Code allows the commutation (lump-sum award) of attorneys' fees, except in death benefit cases where there is a dispute as to the proper beneficiaries. TEX. LAB.CODE ANN. § 408.221(d) (Vernon 1996). The beneficiaries are not in dispute here; the parties have stipulated that Mrs. Simon is the proper beneficiary.

TWCIF acknowledges that lump-sum awards traditionally have been permitted. However, TWCIF advances two arguments for why they no longer make sense and why they should not be allowed in this case. First, TWCIF argues that rules that forbid lump-sum awards after settlements, TEX. LAB.CODE ANN. §§ 408.005 and 410.256 (Vernon 1996), should be applied to adjudicated cases, as well. In addition, TWCIF notes that the Code requires that attorneys' fees come from the "claimant's recovery." *See* TEX. LAB.CODE ANN. § 408.221(b) (Vernon 1996). Because, in an award of death benefits, recovery is based on factors beyond the control of either party (such as the widow's remarriage), TWCIF argues that repayment of the lump sum cannot be guaranteed. In other words, Mrs. Simon could remarry tomorrow—her benefits would be dropped, and TWCIF would be left with the attorneys' fee. In order to ensure that fees do, in actuality, come from the recovery, TWCIF argues that they should be paid periodically.

That lump-sum fees are expressly forbidden in settlements suggests that if the Legislature had wanted to forbid them in all cases, it easily could have done so. Moreover, if the court were to take TWCIF's suggestion, it would not, as TWCIF argues, be "harmonizing" § 408.221(d) (allowing commutation in death benefits cases where beneficiaries are not disputed) with § 408.221(b) (providing that fees must come from recovery); it would be rendering § 408.221(d) a nullity in death benefits cases.

We find that lump-sum awards in cases such as this are still permissible under the statute. *See American States Ins. Co. v. Caddell,* 644 S.W.2d 884, 888 (Tex.App.—Tyler 1982, no writ) ("[t]he fact that the total amount of death benefits 'recovered' cannot be definitely ascertained since the total amount of the payments is dependent on the time that the beneficiary survives or remains unmarried is immaterial to the lump sum award of attorney's fees"). We do not agree that the current Worker's Compensation Act is rendered inconsistent by such a finding. Allowing such awards discourages workers' compensation carriers from wrongfully disputing liability. *Stott v. Texas Employers Ins. Ass'n,* 645 S.W.2d 778, 780 (Tex.1983). Disallowing them where the parties have settled encourages carriers to settle claims. *Id.*

Next, TWCIF points out that in this case, the trial court did not take judicial notice of the Texas Widow's pension tables, which would have allowed a reasonably accurate calculation of the award. *See Caddell,* 644 S.W.2d at 887. In *Caddell,* the trial court had made a finding as to the present value of future benefits and ordered that one-fourth of that amount be paid as attorney's fees, in a lump sum. *Id.* On review, the *appellate* court took judicial notice of the tables and formulae in order to find that the trial court had properly assessed attorney's fees. *Id.* The court approved of that formula as a proper application of the formulae regarding lump sum awards of attorney's fees. However, the court also stated, "The amount of such fees and the method for their determination is a matter for the discretion of the trial court." *Id.*

---

4. A trial court must consider the Appeals Panel decision in reaching a judgment. TEX. LAB.CODE ANN. § 410.304(b) (Vernon 1996).

We find that a lump-sum award in this case is within the trial court's discretion. However, to the extent that TWCIF argues that the assessment of a lump-sum attorney fee award should be based on a finding of the present value of future benefits, we agree. Should Mrs. Simon be successful at trial, she should properly substantiate her request for attorneys' fees by asking the court to make such a finding. *See Stott*, 645 S.W.2d at 779 (approving of use of Texas Widow's Pension Table to estimate present value of future benefits); *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885, 887 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (trial court may rely on table to ascertain present value of future benefits).

## CONCLUSION

Because TWCIF's summary judgment evidence did not sufficiently refute causation as a matter of law, we find that fact issues remain on that issue.[5] Judge Canales did not err in denying TWCIF's Motion for Summary Judgment. We remand this case for trial to determine whether Mr. Simon's injury arose from his employment and, should the evidence show that it did, to assess damages and fees.[6] In the event Mrs. Simon is successful in her claims, she must request a finding of the present value of her award in order to obtain attorney's fees in a lump sum.

---

5. Mrs. Simon's summary judgment motion was based entirely on the waiver issue. She did not argue that causation was proven as a matter of law. Indeed, both parties acknowledge in their briefs to this court that whether an injury arose from employment must generally be decided after an intensive analysis of the facts.

6. All other issues have been resolved. TWCIF has conceded that the injury arose in the course and scope of employment; we have determined, as a matter of law, that Mrs. Simon may not raise the issue of waiver when she did not raise it at the BRC. As TWCIF points out in its Motion for Rehearing, damages are to be assessed, in accordance with statutory guidelines, by the Worker's Compensation Commission.