**ST. PAUL INSURANCE COMPANY,
Appellant,**

v.

**Nancy J. MEFFORD and The Texas
Workers' Compensation
Commission, Appellees.**

No. 05–96–01581–CV.

Court of Appeals of Texas,
Dallas.

April 27, 1999.

---

3. TEX.R.APP. P. 44.2.

E. Thomas Bishop, Darryl J. Silvera, Alexander N. Beard, Bishop & Hummert, P.C., Dallas, for Appellant.

Stephen Jay Gugenheim, Rubin & Gugenheim, P.C., Dallas, Jenifer Lynn Jones, Jones Owens, P.C., Dallas, Harry W. Deckard, Asst. Atty. Gen., Tort Litigation Division, Austin, for Appellees.

Before Justices LAGARDE, KINKEADE, and WRIGHT.

## OPINION ON REHEARING

Opinion By Justice LAGARDE.

We grant St. Paul Insurance Company's motion for rehearing and sustain the third point for rehearing. We overrule St. Paul's first and second points for rehearing. We withdraw our opinion and vacate our judgment of February 12, 1999. The following is now the opinion of this Court.

St. Paul Insurance Company appeals the take-nothing summary judgment granted in favor of Nancy J. Mefford. St. Paul brings six points of error generally contending the trial court erred in granting Mefford's motion for summary judgment. We overrule the points of error and affirm the trial court's judgment.

### FACTUAL BACKGROUND

St. Paul Insurance Company is the workers' compensation insurance carrier for Mefford's employer, Texstar, Inc. On December 22, 1993, Mefford injured her back while working for Texstar, Inc., but she continued working throughout the day. Texstar was closed for Christmas from December 23, 1993 through January 3 or 4, 1994. Over the next few days, the pain in Mefford's back grew worse. In the early hours of Christmas morning, Mefford was reaching into a closet to retrieve a present for her son when she felt a stabbing pain through her back, her left leg went numb, and she fell to the floor. Mefford telephoned a local health clinic, but they would not let her come to the clinic. Mefford went to the doctor on January 3, 1994, and she returned to work on January 4 or 5. She filed a workers' compensation claim in January 1994. St. Paul recorded an oral statement from Mefford on January 31, 1994. On November 7, 1994, St. Paul received the medical records from Mefford's January 3 doctor's visit. After reviewing those records, St. Paul recorded a second oral statement from Mefford on November 10, 1994, which St. Paul claimed was the first time Mefford revealed to it her December 25, 1993 fall.

Based on this information, St. Paul tried on December 6, 1994 for the first time to contest the compensability of Mefford's injury.

In a contested hearing, the workers' compensation hearing officer ruled that St. Paul had waived its right to contest compensation by not contesting the compensability of Mefford's injury within sixty days of receiving notice of her claim. The workers' compensation appeals panel affirmed the decision of the hearing officer. St. Paul brought this suit against Mefford in district court to set aside the decision of the commission appeals panel. The Texas Workers' Compensation Commission intervened in the lawsuit in defense of the panel's decision.

## SUMMARY JUDGMENT

■ The function of a summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact but is to eliminate patently unmeritorious claims and untenable defenses. See Gulbenkian v. Penn, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548–49 (Tex.1985); Montgomery v. Kennedy, 669 S.W.2d 309, 310–11 (Tex.1984); Wilcox v. St. Mary's Univ., 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. See Gaines v. Hamman, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). A motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.1993).

■ When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. See Peirce v. Sheldon Petroleum Co., 589 S.W.2d 849, 852 (Tex.Civ.App.-Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, see Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.1970), or by conclusively establishing every factual element of an affirmative defense. See Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.1972). Conversely, the plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. See Torres v. Western Casualty & Sur. Co., 457 S.W.2d 50, 52 (Tex.1970); see also Puga v. Donna Fruit Co., 634 S.W.2d 677, 680–81 (Tex.1982). Alternatively, the plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. See Estate of Devitt, 758 S.W.2d 601, 602 (Tex. App.-Amarillo 1988, writ denied).

## WORKERS' COMPENSATION

When an employee files a workers' compensation claim, the insurance carrier has sixty days to determine whether to dispute the compensability of the claim. If the carrier fails to dispute compensability within sixty days, it waives the right to dispute compensability. See TEX. LAB.CODE

ANN. § 409.021(c) (Vernon 1996); *Cardenas v. Continental Ins. Co.*, 960 S.W.2d 401, 403 (Tex.App.-Corpus Christi 1998, pet. denied). However, "[a]n insurance carrier may reopen the issue of the compensability of an injury if there is a finding of evidence that could not reasonably have been discovered earlier." TEX. LAB.CODE ANN. § 409.021(d) (Vernon 1996).

■ In its first point of error, St. Paul contends the trial court erred in granting summary judgment because genuine issues of material fact exist regarding: (1) whether St. Paul waived its right to contest compensability; and (2) whether it was entitled to reopen the issue of compensability based upon the discovery of new evidence. Mefford proved as a matter of law the first of these issues, that St. Paul waived its right to contest compensability, by showing that St. Paul received notice of her claim by January 10, 1994 and that it did not contest compensability until December 6, 1994, which is well beyond the sixty-day deadline. *See* TEX. LAB.CODE ANN. § 409.021(c) (Vernon 1996).

■ Mefford moved for summary judgment on the second issue, whether St. Paul was entitled to reopen the issue of compensability based upon the discovery of new evidence, on several grounds, including that St. Paul did not raise this issue before the commission appeals panel.

■ When a party seeks judicial review of a decision of the commission appeals panel, the only issues before the trial court are those decided by the commission appeals panel. *See* TEX. LAB.CODE ANN. § 410.302 (Vernon 1996) ("A trial under this subchapter is limited to issues decided by the commission appeals panel and on which judicial review is sought."); *see also* TEX. LAB.CODE ANN. § 410.251 (Vernon 1996) ("A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter [sections 410.251–.258] and Subchapter G [sections 410.301–.308], if applicable.").

■ The decision of the commission appeals panel was before the trial court as an attachment to the commission's petition in intervention. Although neither Mefford nor St. Paul included the commission appeals panel's decision in its summary judgment evidence, section 410.304(b) of the Texas Labor Code required the trial court to consider the commission appeals panel's decision:

In a trial to the court without a jury, the court in rendering its judgment on an issue described by Section 410.301(a)[1] shall consider the decision of the commission appeals panel.

TEX. LAB.CODE ANN. § 410.304(b) (Vernon 1996); *see Texas Workers' Compensation Ins. Fund v. Simon*, 980 S.W.2d 730, 737 n. 4 (Tex.App.-San Antonio 1998, no pet.). Nothing in the record shows that the trial court did not consider the commission appeals panel's decision. Accordingly, we presume the trial court followed the mandate of the legislature and considered the decision.

The issue before the commission appeals panel was whether sufficient evidence supported the following determinations of the hearing officer:

- Mefford sustained a compensable injury on December 22, 1993;
- St. Paul waived the right to contest compensability of the claim by not contesting compensability within 60 days of being notified of the claim; and
- Mefford continues to suffer the effects of the injury sustained on December 22, 1993.

Before the commission appeals panel, St. Paul challenged the sufficiency of the evi-

---

**1.** Section 410.301(a) provides:

Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter.

Tex. Lab.Code Ann. § 410.301(a) (Vernon 1996).

dence supporting these determinations of the hearing officer. The commission appeals panel determined that sufficient evidence supported the hearing officer's factual determinations.

■ St. Paul argues that the commission appeals panel's opinion shows the panel did consider St. Paul's newly-discovered-evidence argument because the opinion states: "We have previously written on the issued of compensability of an injury, contesting the compensability of a claimed injury within 60 days of being notified of the injury, *newly discovered evidence*, and disability." (Emphasis added.) The mere mention of a legal theory in an opinion does not mean that the tribunal applied that theory. The commission appeals panel's opinion concludes by stating, "Since we find the evidence sufficient to support the determinations of the hearing officer, we will not substitute our judgment for his." Nothing in the opinion or elsewhere in the record shows the hearing officer considered whether newly discovered evidence entitled St. Paul to reopen the issue of compensability. Therefore, because the commission appeals panel's opinion was limited to finding sufficient evidence supported the hearing officer's decision, we conclude the issue of whether newly discovered evidence entitled St. Paul to reopen the issue of the compensability of Mefford's injury was not decided by the commission appeals panel, notwithstanding the commission appeals panel's use of the words "newly discovered evidence" in its opinion. Because this issue was not decided by the commission appeals panel, it was not properly before the trial court. *See* TEX. LAB.CODE ANN. §§ 410.251, .302 (Vernon 1996). We overrule St. Paul's first point of error.

■ In its second point of error, St. Paul contends that a genuine issue of material fact remains concerning the date on which it received notice of Mefford's claim. St. Paul argues that the record contains evidence of two different days for the date it first received notice of Mefford's claim:

January 1, 1994 and January 10, 1994. We agree that this variance in the proof creates a fact issue; however, it is not a material fact issue. St. Paul first contested the compensability of Mefford's claim on December 6, 1994. Regardless of whether St. Paul first received notice on January 1 or January 10, St. Paul did not contest compensability until December 6, which is well beyond the sixty-day deadline of section 409.021(c). *See* TEX. LAB.CODE ANN. § 409.021(c) (Vernon 1996). We hold, therefore, that the summary judgment evidence does not create a genuine issue of material fact regarding the date on which St. Paul first received notice of Mefford's claim. We overrule St. Paul's second point of error.

■ In its third point of error, St. Paul contends the trial court erred in granting Mefford's motion for summary judgment without considering the commission appeals panel's decision. St. Paul did not raise this argument in its response to the motion for summary judgment. Thus, we cannot consider this issue as a ground for reversal of the summary judgment. *See* TEX.R. CIV. P. 166a(c); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). Moreover, the statute requiring the trial court to consider the commission appeals panel's decision is mandatory. *See* TEX. LAB.CODE ANN. § 410.304(b) (Vernon 1996). As earlier stated, nothing in the record shows the trial court disregarded the legislature's mandate and did not consider the commission appeals panel's decision. We overrule St. Paul's third point of error.

■ In its fourth point of error, St. Paul contends that the trial court erred in granting summary judgment based upon an unpleaded affirmative defense. St. Paul argues that Mefford should have pleaded the affirmative defense of waiver before she moved for summary judgment on that basis. St. Paul's petition, however,

alleged that it appealed the decision of the commission appeals panel regarding "[w]hether or not the carrier waived its right to contest compensability of the claim." Thus, the absence of waiver was St. Paul's cause of action, not Mefford's affirmative defense, and Mefford did not have to plead it. We overrule St. Paul's fourth point of error.

 In its fifth point of error, St. Paul contends the trial court erred in granting Mefford's motion for summary judgment because St. Paul presented sufficient evidence to raise a fact question on each element of its estoppel claim. The opinion of the commission of appeals panel does not show St. Paul presented this claim to the panel. Therefore, St. Paul was barred from bringing the claim in the trial court. *See* TEX. LAB.CODE ANN. §§ 410.251, .302 (Vernon 1996). Thus, we hold the trial court did not err in granting Mefford's motion for summary judgment. We overrule St. Paul's fifth point of error.

 In its sixth point of error, St. Paul contends the trial court erred in granting Mefford's motion for summary judgment because the affidavit of Mefford's counsel was insufficient to authenticate the attached records because it did not properly identify them and because the records constituted hearsay. Because the alleged defects in the summary judgment evidence were defects of form rather than substance, St. Paul had to object in the trial court to these defects and obtain a ruling from the trial court on the objections to preserve error. *See* TEX.R. CIV. P. 166a(f); *Allen v. St. Paul Fire & Marine Ins. Co.*, 960 S.W.2d 909, 913 (Tex.App.-Texarkana 1998, no pet.); *Marshall v. Sackett*, 907 S.W.2d 925, 931 n. 6 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Utilities Pipeline Co. v. American Petrofina Mktg.*, 760 S.W.2d 719, 722 (Tex.App.-Dallas 1988, no writ). St. Paul did not object on the ground that Mefford's attorney's affidavit failed to properly identify the medical records it sought to authenticate. Thus, this ground was not preserved for review. Be-

cause St. Paul did not obtain a ruling from the trial court on its hearsay objection, it also failed to preserve this ground for appellate review. We overrule St. Paul's sixth point of error.

We affirm the trial court's judgment.