## TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,

v.

### Richard MARTINEZ, Appellee.

No. 06–00–00026–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 13, 2000.

Decided Aug. 23, 2000.

Rehearing Overruled Oct. 17, 2000.

---

1. The amended notice is dated August 17, 1999.

David L. Brenner, Kristin L. Lemke, Burns Anderson Jury & Brenner, LLP, Austin, for appellant.

Travis B. Terry, Reed & Terry, Sugar Land, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

The Texas Workers' Compensation Insurance Fund (hereafter the carrier) appeals from a summary judgment affirming a ruling by the Texas Workers' Compensation Appeals Panel. The panel had issued a ruling affirming the ruling of the hearing officer, holding that the insurance carrier

had waived its opportunity to contest the compensability of Martinez's injury. The carrier contends that the trial court erred by granting summary judgment to the claimant because Martinez did not conclusively establish his right to summary judgment through his affirmative defenses of estoppel or waiver.

Martinez was injured in 1993, in the course and scope of his employment, when he was exposed to hydrogen sulfide gas. At a benefit review conference held five years ago, on December 7, 1995, Martinez and the carrier's representative agreed in writing that his injuries "included his lungs, **heart,** throat, left leg and back." (Emphasis added.) They also agreed that the carrier failed to timely dispute the injury and waived the right to do so.

Nevertheless, a year later, the carrier completed a form disputing Martinez's claim. In that document, the carrier claimed that it had now discovered that Martinez had a congenital heart condition, hypertrophic obstructive cardiomyopathy-hereafter HOC-that was not related to his chemical exposure, and sought to be relieved of its previous waiver. However, it is undisputed that, well before the benefits review conference, Martinez had previously been diagnosed with a heart condition identified as idiopathic hypertrophic subaortic stenosis-hereafter IHSS. The hearing officer held that the new claim was merely the same heart condition described by a different name and that the carrier had thus agreed to waive its right to contest Martinez's work-related injury in connection with the heart condition-by whatever name. The appeals board affirmed the officer's decision.

The carrier filed a petition for review with the district court. Martinez responded with a motion seeking summary judgment arguing that the carrier's claim was subject to estoppel or waiver in accordance with its written waiver. The trial court agreed and rendered summary judgment in Martinez's favor.

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993).

The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). However, once the movant establishes that it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). In reviewing a summary judgment, we accept all of the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. *Science Spectrum,* 941 S.W.2d at 911. All doubts about the existence of a genuine issue of material fact must be resolved against the movant. *Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996).

■ When a party seeks judicial review of a decision of the commission appeals panel, the only issues before the trial court are those decided by the commission appeals panel. *St. Paul Ins. Co. v. Mefford,* 994 S.W.2d 715, 719 (Tex.App.-Dallas 1999, pet. denied); *see* Tex. Lab.Code Ann. § 410.302 (Vernon 1996) ("A trial under this subchapter is limited to issues decided by the commission appeals panel and on which judicial review is sought."); *see also* Tex. Lab.Code Ann. § 410.251 (Vernon 1996).

■ When an appeals panel decision is appealed to the trial court, the trial

court reviews it under a modified de novo standard. *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 530 (Tex.1995); *Peterson v. Continental Cas. Co.*, 997 S.W.2d 893, 894 n. 2 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The proceeding is de novo because new evidence (other than that presented to the hearing officer) is admissible at trial. *Id.* The party seeking judicial review has the burden of proof by a preponderance of the evidence. TEX. LAB.CODE ANN. § 410.303 (Vernon 1996). Thus, the carrier was required to prove its position by a preponderance of the evidence.

Martinez argued that judgment should be rendered for him because the summary judgment evidence conclusively proved that the carrier had waived any right to contest his claim for benefits for injury to his heart. The appeals panel agreed with this reasoning. One basis for its opinion was the hearing officer's conclusions that

HOC and IHSS are, at least in Claimant's case, essentially different names for the same medical condition, a condition which was diagnosed long before Carrier agreed, on December 7, 1995, that Claimant's heart condition (a term which presumably referred to IHSS) was compensable in that Carrier had failed to lodge a timely dispute of the alleged compensability of that condition.

Martinez does not seek to apply the concept of estoppel by contract, which he mentioned in his motion for summary judgment. Instead, he relies on the written waiver entered into by the carrier.

The issue before this Court is whether the evidence conclusively proves that the carrier waived its right to dispute its liability for Martinez's injury to his heart. The movant provided summary judgment evidence consisting of the document in which the carrier waived that right. The carrier responded by suggesting that it only meant to cover the temporary injury to his heart caused by exposure to the gas, not potential heart problems caused by the congenital defect. Thus, it argues, the waiver is ambiguous and requires submission to a jury to determine the intent of the parties.

The Texas Workers' Compensation Act provides a four-tier system for the disposition of claims by the Texas Workers' Compensation Commission. *Subsequent Injury Fund v. Service Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). The first tier is a benefit review conference conducted by a benefit review officer. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.021–.034 (Vernon 1996)). The benefit review officer has the authority to order or decline to order benefits. *Id.* (citing TEX. LAB.CODE ANN. § 410.032). If the officer orders payment of benefits, an insurance carrier must begin making payments at that time. *Id.* (citing TEX. LAB.CODE ANN. § 410.032). From the benefit review conference, the parties may proceed, by agreement, to arbitration. *Id.* (citing TEX. LAB.CODE ANN. § 410.104) (Vernon 1996). In the second tier, if there is no agreement to arbitrate, a party may seek relief at a contested case hearing. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.151–.169) (Vernon 1996). At the third tier of the disposition process, a party may seek review by an administrative appeals panel. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.201–.208) (Vernon 1996). In the fourth tier, an aggrieved party may seek judicial review of the appeals panel decision. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.251–.308).

A dispute over a claimant's entitlement to benefits may be resolved either in whole or in part at a benefit review conference. TEX. LAB.CODE ANN. § 410.029(a).

An agreement signed in accordance with Section 410.029 is binding on the insurance carrier through the conclusion of all matters relating to the claim, unless the commission or a court, on a finding of fraud, newly discovered evidence, or other good or sufficient cause, relieves the insurance carrier of the effect of the agreement.

TEX. LAB.CODE ANN. § 410.030(a); *In re Texas Workers' Compensation Ins. Fund,* 995 S.W.2d 335, 337 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

In the present case, the carrier did not allege fraud or specify any other "good or sufficient cause" as a reason to be relieved from its agreement. Instead, it argued that the agreement was not reflective of its intent because of newly discovered evidence, that being Martinez's congenital heart defect. The only evidence presented to the appeals board, and later to the trial court, showed that the carrier was aware of the congenital defect at the time it entered into the agreement. The carrier has presented no evidence that it was not aware of the defect.

Because the undisputed evidence shows that the carrier was aware of the defect, and yet agreed to the description of the injury set out in the Benefit Dispute Agreement, and further agreed to waive its right to contest claims arising from the heart injury, the trial court correctly determined that the carrier had indeed waived known rights.

The carrier's further position, that the HOC and IHSS diagnoses are different, is wholly unsupported by the evidence. Martinez presented summary judgment proof referring to the testimony at the prior hearings to show that the diagnoses are simply different names for the same condition, and the carrier has provided no summary judgment proof to the contrary, either to the trial court or the panel. Thus, the trial court did not err by concluding as a matter of law that no new condition was shown by the summary judgment proof. In the absence of some proof that a newly discovered condition existed, the waiver necessarily controls.

The carrier's further argument, that the benefit dispute agreement is ambiguous because it only intended to pay for temporary damages to Martinez's heart is unsupported in two respects. First, the carrier provided no summary judgment proof that the injury caused by exposure to the gas was temporary. Second, the intent reflected in a contract such as this agreement is revealed most clearly by the terms of the agreement itself. The concept of an injury to the heart, in the context of this case, is not an ambiguous term.

The trial court did not err by rendering summary judgment in favor of Martinez.

The judgment is affirmed.