11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Rebecca F. Moore

Appellant

Vs.                   No.
11-02-00121-CV B Appeal from Dallas County

Texas Workers= Compensation Insurance Fund

Appellee

 

Appellant,
Rebecca F. Moore, appeals pro se from an adverse finding by the jury that
appellant was not entitled to supplemental income benefits from appellee, Texas
Workers= Compensation Insurance Fund.  We affirm.

In Issue
No. I, appellant contends that the trial court erred in denying her motion for
new trial without conducting a hearing. 
We disagree.  

Appellant
filed her APro Se@ motion for new trial on February 5, 2002.  The record indicates that, at that time, appellant also filed an AOrder Setting Hearing Date@ which required the trial court=s signature setting the hearing date on the
motion.  This order was not signed by
the court.  On February 19, 2002, the
trial court signed the order denying the motion without conducting a hearing.

The trial
court=s ruling on a motion for new trial will not
be disturbed on appeal in the absence of a showing of an abuse of
discretion.  Strackbein v. Prewitt, 671
S.W.2d 37, 38 (Tex.1984).  Appellant=s complaints in her motion did not require
evidence that Amust be heard@ pursuant to TEX.R.CIV.P. 324(b)(1), such as jury misconduct,
newly-discovered evidence, or failure to set aside a default judgment.  The court in University of Texas v. Morris,
352 S.W.2d 947, 949 (Tex.1962), cert. den=d, 371 U.S. 953 (1963), stated:

Certainly it would not be error for the court
to refuse to hold a hearing on a motion for a new trial except where it would
be necessary to hear evidence upon a matter such as jury misconduct.

 

The Morris
court approved the following statement:








As to just when and how
the motion is heard by the court is a matter addressed to the discretion of the
court and one which the litigant can not control.  It is true that the litigant must present the motion to the court
without qualification or reservation, and if the court immediately passes on
the motion he is not in a position to complain.

 

See Cecil v. Smith, 804
S.W.2d 509, 511 n.5 (Tex.1991).  The
record also fails to show that appellant brought her request for a hearing to
the trial court=s attention before the court denied her
motion.  Fluty v. Simmons Company, 835
S.W.2d 664, 666 (Tex.App. - Dallas 1992, no writ).  Appellant=s Issue No. I is overruled.

In Issues
Nos. II, III, and IV, appellant argues that the trial court erred in excluding
from evidence the AERGOS@ Evaluation Summary Report.  Appellant failed to preserve error when she
made no offer of proof after the court excluded the ERGOS report.  The substance of the excluded evidence must
be made known to the trial court. 
TEX.R.EVID. 103(a); Fletcher v. Minnesota Mining and Manufacturing
Company, 57 S.W.3d 602 (Tex.App. - Houston [1st Dist.] 2001, pet=n den=d).  Appellant=s Issues Nos. II, III, and IV are overruled.

Appellant
contends in her Issue No. V that the trial court erred in admitting Dr. Farrukh
Hamid=s report. 
Appellant did not timely object to the challenged evidence at the time
of trial.  Appellant failed to preserve
her complaint.  TEX.R.APP.P.
33.1(a).  Appellant=s Issue No. V is overruled.

Appellant
states in her Issue No. VI that the trial court erred in admitting irrelevant
evidence, misleading and derogatory statements, and erroneous conclusions that
were prejudicial to appellant.  These
contentions are not properly briefed. 
Appellant=s brief contains no Aargument@ or appropriate citation to authorities as required by TEX.R.APP.P.
38.1(h).  In her AStatement of Facts,@ appellant directs the court to certain
questions that appellee asked appellant regarding her ability to Alift@ heavy objects.  Appellee was
questioning appellant regarding her prior work as a nurse and whether she was
required to do heavy lifting.  We hold
that the trial court did not err in overruling appellant=s Arelevance@
objection.  Appellant=s work experience and prior job requirements
were relevant.

Appellant
challenges appellee=s
questions on cross-examination of appellant regarding the amount of
compensation appellant had received.  Appellant=s counsel objected that it would be Apure speculation@ on appellant=s behalf because appellant did not know how much the insurance company
had paid.  The court stated: AI=ll sustain unless there=s a foundation.@  Appellee did not pursue this
line of questioning.  The court did not
overrule appellant=s
objection.








In the AStatement of Facts,@ appellant states that appellee
mischaracterized the evidence by claiming in its questions to appellant that appellant
was dissatisfied with certain doctors and that appellant threatened Dr.
Hamid.  Appellant did not object to the
cross-examination questions regarding Dr. Hamid.  When appellee=s counsel was cross-examining appellant regarding her changing of doctors,
appellant=s counsel objected that appellee=s counsel was mischaracterizing the
evidence.  The court overruled the
objection because it was proper cross-examination.  We hold that the court did not err in overruling the objection.

Furthermore,
we hold that the error urged by appellant did not cause the rendition of an
improper judgment.  TEX.R.APP.P.
44.1(a)(1).  Appellant=s Issue No. VI is overruled.

In Issues
Nos. VII, VIII, and IX, appellant challenges the sufficiency of the evidence to
support the jury=s verdict. 
Again, appellant fails to comply with the briefing requirements of Rule
38.1(h).  Appellant had the burden of
proof because she was the party seeking judicial review.  TEX. LABOR CODE ANN. ' 410.303 (Vernon 1996); Texas Workers= Compensation Insurance Fund v. Martinez, 30
S.W.3d 490, 493 (Tex.App. - Texarkana 2000, pet=n den=d). 
In reviewing appellant=s legal sufficiency challenge, we consider the evidence in the light
most favorable to appellee, indulging every reasonable inference in appellee=s favor. 
Associated Indemnity Corporation v. Cat Contracting, Inc., 964 S.W.2d
276, 285-86 (Tex.1998).  In considering
appellant=s factually insufficient evidence complaint,
we review and consider all of the evidence and reverse the jury=s verdict only if the verdict is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Cain v. Bain, 709 S.W.2d 175
(Tex.1986); Pool v. Ford Motor Company, 715 S.W.2d 629 (Tex.1986).  

The trial
court instructed the jury that, in order for an injured employee to be entitled
to supplemental income benefits, Aan injured employee who has not returned to work and is able to return
to work in any capacity shall look for employment commensurate with his or her
ability to work every week.@  There was evidence that Dr.
Phillip Osborne, Dr. Hamid, and Cascade Disability Management, Inc. concluded
that appellant had the ability to do sedentary light work.  There is evidence that appellant did not
seek employment during the appropriate time period.  Appellant=s legal sufficiency challenge to the evidence is overruled.








The jury
found in favor of appellee.  We hold
that the finding by the jury adverse to appellant is not so contrary to the
great weight and preponderance of the evidence as to be clearly wrong and
unjust.  Appellant=s factually insufficiency challenge to the
evidence is overruled.  We overrule
appellant=s Issues Nos. VII, VIII, and IX.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

February 20, 2003

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.