In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-322 CV


____________________



AMERICAN HOME ASSURANCE COMPANY, Appellant



V.



WILLIAM FRAZIER, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 15,389






MEMORANDUM OPINION


 American Home Assurance Company appeals the judgment in favor of William
Frazier in his suit for judicial review of a Texas Workers' Compensation Commission
decision. (1) The trial court denied a plea to the jurisdiction, which the carrier based on the
worker's failure to exhaust administrative remedies, and granted Frazier's motion for partial
summary judgment, thereby ruling as a matter of law that American waived its right to
dispute compensability because it failed to timely initiate its dispute. Because Frazier did not
demonstrate that he had claimed at the administrative level that American failed to comply
with the seven-day deadline to either pay or to file a notice of refusal, we hold the trial court
erred in reversing the appeals panel's decision on that basis. Accordingly, we reverse the
judgment of the trial court and remand the case. 

 William Frazier sustained a work-related injury in a fall from a ladder on August 6,
1992. The parties documented three injuries arising out of this accident: (1) a back injury not
disputed by American; (2) a neurogenic bladder disputed by American in September 1992;
and (3) a general neurological deficit disputed by American in 1994. The Form TWCC-1
Employer's First Report of Injury or Illness, filed on August 20, 1992, states Frazier injured
his "rt. rib, hip, side." A cystogram performed on August 20, 1992, revealed a possible
neurogenic bladder that the reporting doctor did not think was related to Frazier's back
injury. In a Form TWCC-21 Payment of Compensation or Notice of Refused/Disputed
Claim, American stated that "Claimant's current disability appears to be due to a neurogenic
bladder, which is not related to his work injury." This Form TWCC-21 was signed
September 3, 1992, and at the administrative level was found to have been received by the
TWCC on September 11, 1992. A Form TWCC-21 dated February 22, 1994, disputed a 50%
impairment rating Dr. Strickland assigned based on urinary bladder function. In a Form
TWCC-21 dated July 11,1994, American referred to a report by Dr. Jay Martin Barrash and
stated that the 50% impairment rating was not related to the on-the-job injury.

 Three documents record the controversy as it existed on the administrative level. 
First, the benefit review conference report identifies two of the disputed issues, as follows: 

 ISSUE RAISED BUT NOT RESOLVED AFTER BENEFIT REVIEW
CONFERENCE: Did the Carrier timely contest compensability of the
Claimant's neurological condition made the subject of Dr. Barrish's [sic]
report of 6-10-94, or has the Carrier waived the right to dispute this as part of
the Claimant's compensable injury?


 CLAIMANT'S POSITION: The Carrier withdrew its dispute over this part of
my problems in may [sic] of 1993 and should not now be able to dispute the
neurological problems. I strongly disagree with Dr. Barrish's [sic] opinion. 
He was the Commission's selected designated doctor to provide a whole body
impairment rating and nothing else. The Carrier should not now be able to
start this same old dispute all over again[.]


 CARRIER'S POSITION: The Carrier's dispute is based on what Dr. Barrish
[sic] has said in his report and ask that they be allowed to exclude the
neurological injury or problems as part of the compensable injury of 8-6-92.


 ISSUE RAISED BUT NOT RESOLVED AFTER BENEFIT REVIEW
CONFERENCE: Is the Claimant's neurological deficit a result of the
compensable injury of 8-6-92?

 

 CLAIMANT'S POSITION: I sustained an injury to multiple parts of my body
on 8-6-92 and this injury caused the neurological deficit that the Carrier is now
disputing.

 

 CARRIER'S POSITION: Based on Dr. Barrish's [sic] report of 6-10-94 the
neurological deficit is not due to the compensable injury.


 Thus, the benefit review conference concerned the effect of filing the TWCC-21 that
contested Frazier's general neurological deficit for the first time in 1994. The report does
not record an argument related to a failure to initiate benefits within seven days of the first
report of injury in 1992.

 The decision rendered after the February 10, 1995, contested-case hearing is also in
the record. The decision describes Frazier's waiver argument as follows: "[Frazier]
contended that his compensable injury of August 6, 1992 did result in the neurological deficit
alleged, and in the alternative, contended that Carrier had waived its right to dispute the
compensability of such condition." No mention is made of the seven-day pay-or-dispute
deadline, and the examiner's discussion of the controversy reveals that Frazier's waiver
argument related to the Form TWCC-21 filed in 1994. The hearing examiner found
American received its first report that Frazier's injury was alleged to include a neurological
deficit on May 20, 1994, but that American failed to dispute the alleged compensability of
the alleged neurological deficit within 60 days of that date. The hearing examiner held that
"[a]lthough Claimant's neurological deficit is not a result of his compensable injury of
August 6, 1992, Carrier waived its right to dispute the compensability of such condition,
except as to Claimant's neurogenic bladder."

 The decision filed by the appeals panel on April 25, 1995, also appears in the record. 
The appeals panel noted that on September 11, 1992, Frazier was treated by neurologist Dr.
Mathew, who said that Frazier presented with symptoms and findings of cervical myelopathy. 
The opinion also recited that Dr. Pedro C. Caram examined Frazier on September 16, 1992,
and found spinal cord disease that he thought was unrelated to the injury. The appeals panel
found that Frazier was treated for neurological problems by Doctors Spiel, Fletcher, and
Strickland in 1992, 1993, and 1994, and that these doctors noted neurological deficits in
addition to the neurogenic bladder. The appeals panel described Frazier's waiver argument,
and its resolution of that argument, as follows:

 The claimant challenges the hearing officer's finding that the carrier
timely disputed his neurogenic bladder condition and her conclusion that the
carrier did not waive its right to dispute the compensability of that condition. 
The evidence shows that the carrier was given written notice of the injury on
August 20, 1992, and that by September 11, 1992, (within 60 days) it had filed
a TWCC-21 with the Commission stating that the neurogenic bladder is not
related to the work injury. . . .

 

 The appeals panel noted that on May 20, 1994, Dr. Jay Martin Barrash, the doctor
selected to determine Frazier's impairment rating, reported that Frazier had a 50%
impairment but that Frazier's neurological problems were not related to his compensable
injury. In July 1994, American filed another TWCC-21 in which it interpreted Dr. Barrash's
report to mean that the impairment rating was not related to the August 6, 1992, injury. Both
the hearing examiner and the appeals panel ruled that American timely disputed the causal
relationship between the compensable injury and Frazier's neurogenic bladder in the
September 1992 TWCC-21, but that American failed to dispute Frazier's other neurological
deficit within 60 days of May 20, 1994.

 At each stage of the administrative proceedings, the controversy over the timeliness
concerned only whether American disputed compensability within 60 days of a neurological
deficit being reported. The appellate record fails to establish any administrative-level claim
by Frazier that American waived its right to dispute compensability because it failed to
provide notice of benefits paid or disputed within seven days of the first report of injury. Frazier filed a petition for judicial review on May 31, 1995. The petition contested
four findings of fact: 

 Finding of Fact No. 5 - "Claimant's compensable injury of August 6,
1992, did not result in the neurological deficit with which claimant has
subsequently been diagnosed."


 Finding of Fact No. 7 - "Within sixty days of August 20, 1992, more
specifically, on September 11, 1992, carrier filed a TWCC-21 disputing any
causal relationship between claimant's compensable injury of August 6, 1992,
and claimant's neurogenic bladder condition."


 Finding of Fact No. 12 - "[Dr. Barrash] certified claimant as having
reached [maximum medical improvement] on May 2, 1994, with a zero percent
[impairment rating] attributable to claimant's compensable injury of August
6, 1992."


 Although Frazier contested the Commission's conclusion of law that American did
not waive its right to dispute the compensability of the claimant's neurogenic bladder, he did
not allege that the carrier failed to initiate benefits within seven days of receiving notice of
injury. That contention appears for the first time on March 31, 2003, in Frazier's reply to
American's plea to the jurisdiction and in Frazier's motion for partial summary judgment,
after the Supreme Court issued its opinion in Continental Casualty Company v. Downs.

 Downs held that "a carrier that fails to begin benefit payments as required by the Act
or send a notice of refusal to pay within seven days after it receives written notice of injury
has not met the statutory requisite to later contest compensability." Continental Cas. Co. v.
Downs, 81 S.W.3d 803, 804 (Tex. 2002). Under section 409.021(a) of the Labor Code, a
carrier must initiate benefits or file a notice of refusal within seven days of notice of injury;
section 409.021(c) then gives a carrier who initiates benefits up to sixty days to investigate
or deny compensability for any valid reason; section 409.022(b) allows a carrier to
investigate or deny compensability after filing a notice of refusal, but limits the carrier's
contest of compensability to the grounds specified in the notice and to newly discovered
evidence. Id. at 806 (citing Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex.
Gen. Laws 987, 1195-96 (amended 2003, 2005) (current version at Tex. Lab. Code Ann.
§ 409.021-.022 (Vernon 2006)). Under the Supreme Court's construction of Labor Code §
409.021 in Downs, "a carrier that has neither initiated benefits nor filed a notice of refusal
has not complied with the statutory requisite, and has failed to trigger the sixty-day period
to investigate or deny compensability." Id. The seven-day deadline and the sixty-day
deadline are distinct from one another, and a failure to comply with the sixty-day deadline
is not the same as a failure to comply with the seven-day deadline.

 The distinction between the two deadlines impacts the judicial review of the
Commission's rulings. In a workers' compensation case, trial is limited to issues decided by
the appeals panel and on which judicial review is sought. Tex. Lab. Code Ann. § 410.302
(Vernon 2006). A party may not raise an issue in the trial court which was not raised before
the appeals panel. Krueger v. Atascosa County, 155 S.W.3d 614, 619 (Tex. App.--San
Antonio 2004, no pet.); Trinity Universal Ins. Co. v. Berryhill, No. 14-03-00629-CV, 2004
WL 744417, at *3 (Tex. App.--Houston [14th Dist.] 2004, no pet.) (memo. op.); Hefley v.
Sentry Ins. Co., 131 S.W.3d 63, 65 (Tex. App.--San Antonio 2003, pet. denied); Tex.
Workers' Comp. Ins. Fund v. Martinez, 30 S.W.3d 490, 492 (Tex. App.--Texarkana 2000,
pet. denied); St. Paul Ins. Co. v. Mefford, 994 S.W.2d 715, 719-20 (Tex. App.--Dallas 1999,
pet. denied). The plaintiff in Downs appealed the Commission's determination on the issue
of the carrier's noncompliance with the seven-day pay-or-dispute notice. Downs, 81 S.W.3d
at 804. In our case, Frazier appealed the Commission's conclusion that American did not
waive its right to dispute the compensability of the claimant's neurogenic bladder, but the
record does not establish that Frazier's waiver argument was based upon American's failure
to meet the seven-day pay-or-dispute deadline.

 This is a case in which Frazier obtained a summary judgment. In summary judgment
procedure, the movant has the burden of showing that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). Frazier bore the burden of showing that he raised
the seven-day pay-or-dispute deadline at the administrative level and thereby preserved the
Downs waiver issue for judicial review. The record before us demonstrates that Frazier
raised two waiver arguments during proceedings before the Commission: (1) that American
withdrew its dispute in May 1993 and; (2) that American failed to file a TWCC-21 within
60 days of receiving notice of injury in 1994. None of the documents in the summary
judgment record demonstrate that Frazier raised Downs waiver at any point in the
administrative process. We hold the trial court erred in granting summary judgment for
Frazier.

 American contends the trial court erred in failing to grant American's plea to the
jurisdiction, and asks this Court to render judgment. Frazier suggests he must have raised
the seven-day deadline at the administrative level because American obviously satisfied the
sixty-day deadline in its 1992 contest of the neurogenic bladder. The date of the
Commission's receipt of American's first Form TWCC-21 is not marked on the Form that
appears in the record. Frazier may have claimed that American did not timely file the form
with the Commission without raising the seven-day pay-or-dispute deadline. It is also
possible that Frazier presented an argument regarding the seven-day deadline that is not
recorded in the benefit review hearing report, the contested case hearing decision, or the
appeals panel decision. The parties should have the opportunity to present this factual issue
to the trial court. The judgment of the trial court is reversed. We remand the cause to the
trial court for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.



 

 ________________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on September 21, 2006

Opinion Delivered November 22, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. On appeal, American contends the trial court erred in addressing a waiver issue not
presented and decided by the TWCC, contends the seven-day deadline contained in the
predecessor statute to Section 409.021 of the Texas Labor Code does not apply to its dispute
of the extent of injury, asserts Frazier failed to establish he actually suffered from the
condition in question, and argues the Supreme Court's holding in Continental Casualty v.
Downs should not be retroactively applied to this case.